## ALLEN CALCULATORS, INC. *v.* NATIONAL CASH REGISTER CO. ET AL.

No. 592. Argued March 28, 1944.—Decided May 1, 1944.

*Mr. Murray Seasongood,* with whom *Mr. Frank R. Bruce* was on the brief, for appellant.

*Mr. Hugh McD. Ritchey,* with whom *Messrs. Joseph S. Graydon, Garrard Winston,* and *Chauncey B. Garver* were on the brief, for the National Cash Register Co., appellee. *Solicitor General Fahy, Assistant Attorney General Berge,* and *Messrs. Charles H. Weston, Elliott H. Moyer* and *Robert L. Stern* submitted for the United States, appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

By a decree, entered February 1, 1916, in a suit by the United States against National Cash Register Company, the latter was restrained, pursuant to the antitrust statutes, from acquiring ownership or control of the business or plant of a competitor manufacturing or selling cash registers or other registering devices. The injunction, however, provided that, in case National should desire such acquisition,

"a petition may be presented to this Court stating the reasons therefor, and if the Court upon investigation into all the circumstances of the case and after notice of not less than sixty days to the Attorney General shall determine that such business or patents or plant so desired to be ac-

quired will supplement the plant, patents, machines, or facilities of the defendant corporation and that the acquisition thereof is desired for that purpose and will not substantially lessen competition, then jurisdiction is reserved to pass an order permitting the same upon such terms and conditions as may be right."

National, desiring to acquire stock of Allen-Wales Adding Machine Corporation, petitioned for leave and gave the required notice to the Attorney General. The Government filed an answer opposing the grant. The matter was set for hearing in the District Court November 15, 1943. On that day Allen Calculators, Inc., the appellant, presented a motion for leave to intervene. The United States consented to the proposed intervention; National opposed it. The District Judge granted intervention conditionally and allowed counsel for the appellant to make an opening statement and to take some part in the proceedings. Subsequently, but prior to the closing of the hearing, he ruled that the appellant would not be allowed to intervene. Before making his ruling, he was advised, in answer to his inquiry, that the president of the appellant would be called as a witness by the Government. November 16 he entered a formal order denying intervention.

The issues, which were tried upon evidence submitted by National and by the Government, were whether the purported acquisition would eliminate competition between certain products of National and Allen-Wales, would eliminate potential competition between other products of the two companies, and would, in other respects, be contrary to the purpose of the original decree. The proceeding was adversary throughout.

December 4 the appellant filed its petition for appeal from the order denying intervention. December 7 the District Judge entered findings of fact and an order granting National's petition upon certain conditions which he

deemed necessary to insure compliance with the original decree in the suit. Neither party has appealed from that order. December 10 the Judge allowed this appeal with a proviso that allowance should not operate as a stay of the order granting National's petition. The appeal is to this court under the Expediting Act.[1]

Rule 24 of the Rules of Civil Procedure[2] is:

"(a) *Intervention of Right.*—Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.

"(b) *Permissive Intervention.*—Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The appellant insists that it was entitled to intervene as of right, but we think that, in the light of the express provisions of clause (a) the contention must be rejected. No statute of the United States confers an unconditional

---

[1] Act of Feb. 11, 1903, c. 544, § 2, 32 Stat. 823, as amended March 3, 1911, c. 231, § 291, 36 Stat. 1167, 15 U. S. C. § 29. Cf. Act of Feb. 13, 1925, c. 229, § 1, 43 Stat. 938, 28 U. S. C. § 345.

[2] 28 U. S. C. A., following § 723c.

right of intervention, as required by (1). The appellant relies on § 16 of the Clayton Act,[3] but that section merely authorizes private parties to sue for relief against threatened damage consequent upon the violation of the antitrust laws. It grants no privilege, much less an unconditional right, to intervene in suits under the Sherman Act brought by the United States. The application did not fall under (2) for the appellant clearly would not be bound by any judgment in the action. Nor had it any interest in the distribution or disposition of property in the custody of the court so as to come under (3).

The appellant relies upon *Missouri-Kansas Pipe Line Co.* v. *United States,* 312 U. S. 502. That case, however, is to be distinguished. There the applicant on whose behalf intervention was asked was named in the original decree as one who should be heard in respect of its property rights in the event certain action was taken. Such action was taken and, despite the terms of the original decree, intervention was denied. Clearly, as to the intervenor, the action was final. We accordingly entertained the appeal.

The appellant had standing to invoke the discretion of the District Judge to permit it to intervene under (b) (2) on the ground that its "claim or defense and the main action have a question of law or fact in common." The rule provides that, in exercising discretion as to intervention of this character, the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. It is common knowledge that, where a suit is of large public interest, the members of the public often desire to present their views to the court in support of the claim or the defense. To permit a multitude of such interventions may result

---

[3] 15 U. S. C. § 26.

in accumulating proofs and arguments without assisting the court. The record here discloses that the parties produced all data they and the court thought was available upon the issues in the case. Moreover, the court invited the Government to call the appellant's president to testify as to his knowledge concerning the issues.

The challenged order is but an order in the cause and not the final judgment. The exercise of discretion in a matter of this sort is not reviewable by an appellate court unless clear abuse is shown; and it is not ordinarily possible to determine that question except in the light of the whole record. If, in this case, National's petition had ultimately been dismissed, a review of the court's denial of appellant's intervention would have been an idle gesture. Where, as here, examination of the entire record leading to the court's final order discloses that the issues were thoroughly explored and that the parties were adequately represented, the action of the court denying intervention should not be reviewed. It was, *inter alia,* to prevent the delay of unwarranted appeals by disappointed applicants to intervene, which would suspend the ultimate disposition of suits under the antitrust acts, that jurisdiction to review District Court decrees was not vested in the Circuit Courts of Appeals but solely in this court, and that the statute limited the right of appeal to final decrees.[4]

The record shows that the District Court had entered a final decree on the merits of National's petition prior to allowing the present appeal; and, if we treat the appeal as taken from that final decree, as we think is required by the Expediting Act,[5] and as attacking that decree because the appellant had been wrongfully denied intervention, we should have to affirm the judgment since

---

[4] *United States* v. *California Canneries,* 279 U. S. 553.

[5] *United States* v. *California Canneries, supra.*

it is not shown that the District Court abused its discretion in denying intervention.[6]

The appeal is

*Dismissed.*

The CHIEF JUSTICE took no part in the consideration or decision of this case.

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS and MR. JUSTICE MURPHY dissent.