**THOMPSON et al. v. BROADFOOT et al.**

**No. 132, Docket 20820.**

Circuit Court of Appeals, Second Circuit.

Jan. 28, 1948.

Bleakley, Platt & Walker, of New York City (William F. Bleakley and Arthur D.

---

[7] Compare The Scotland, 105 U.S. 24, 29, 26 L.Ed. 1001, with The Hanna Neilsen, supra, 273 F. at 173.

Brennan, both of New York City, of counsel), for Broadfoot, Carlsen, Greene, Gilbert and Pell.

Swiger, Chambers, Kelley & Harragan, of New York City (Joseph R. Kelley and Thomas F. Daly, both of New York City [Lord, Day & Lord], of New York City, of counsel), for Schwab, Armour, Lawrence Print Works, Inc., Arnold Print Works, Inc., and Aspinook Corporation.

Milton Paulson, of New York City, for appellants.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

A derivative action was brought by stockholders of The Aspinook Corporation against that corporation, its directors, officers, and others. The plaintiff stockholders own less than 5% or $50,000 in market value of the company's stock. The company moved for an order requiring plaintiffs to furnish security pursuant to § 61-b of the New York General Corporation Act, Consol.Laws, c. 23. The district court made an order denying this motion, and, on reargument, adhered to its decision. When the company appealed, we dismissed the appeal on the ground that the order was not appealable.[1] The company then filed leave for a petition of mandamus here to compel the judge to grant its motion; on October 17, 1947, we denied that petition on the ground that the matter was not one in which mandamus should issue.[2] The Aspinook Corporation v. Bright, 2 Cir., 165 F.2d 294. At the time when the company reargued its motion, appellants, stockholders of the company, moved for leave to intervene. They now appeal from an order of the district court denying that motion.

Such an order is interlocutory and not forthwith appealable unless intervention is a matter of right.[3] Appellants concede that whether such a right exists here depends upon the application to the facts of Federal Rules of Civil Procedure, rule 24(a) (2), 28 U.S.C.A. following section 723c. Accordingly, there can be no such right here, unless the representation of appellants' interest by the plaintiff stockholders "is or may be inadequate and the" appellants are "or may be bound by a judgment in the action." Appellants contend that they are within those requirements for the following reasons: (1) It may hereafter be held, by this court or the United States Supreme Court, that the New York statute applies, and then, if the present stockholders alone are maintaining the suit, it may be stayed (or dismissed.) (2) But appellants hold sufficient stock so that, if they are permitted to intervene, the provisions of the New York statute which would preclude an effective demand for security will be satisfied.

We think appellants' motion not within the Rule. If the reference in the Rule to "a judgment in the action" means a judgment on the merits, there is no claim that the plaintiff's representation of the appellants' interest "is or may be inadequate"; on the other hand, if the Rule refers to an order staying (or dismissing) the pending suit, the possibility of which is the asserted ground of inadequacy of the plaintiff's representation, the appellants will not be bound by it. It follows that their intervention is not a matter of right, and the appeal must consequently be dismissed.

Appeal dismissed.

---

[1] The writer dissented.

[2] The writer concurred, but said he thought we should consider the merits and, doing so, should hold that the judge's order was correct because the New York statute affects federal procedure solely, and therefore is inapplicable in the federal courts.

[3] See, e.g., In re Dolcater, 2 Cir., 106 F.2d 30, 32; United States v. Radice, 2 Cir., 40 F.2d 445; Mullins v. De Soto Securities Co., 5 Cir., 136 F.2d 55, 56; cf. Sorensen v. United States, 2 Cir., 160 F.2d 938; Allen Co. v. Cash Register Co., 322 U.S. 137, 141, 64 S.Ct. 905, 88 L.Ed. 1188; Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012, 1014, 1015.