## NATIONAL ASSOCIATION OF REAL ESTATE BOARDS et al. v. UNITED STATES.

### No. 9956.

United States Court of Appeals District of Columbia Circuit.

Argued May 17, 1949.

Decided June 13, 1949.

Mr. William E. Leahy, Washington, D. C., with whom Messrs. William J. Hughes, Jr., and Ben Ivan Melnicoff, Washington, D. C. were on the brief, for appellant Washington Real Estate Board and individual appellants other than Nelson and Smith.

Messrs. Roger J. Whiteford, John J. Wilson, and Jo V. Morgan, Jr., Washington, D. C. were on the brief for appellants National Association of Real Estate Boards and Herbert U. Nelson.

Messrs. Walter M. Bastian and Archie K. Shipe, Washington, D. C. were on the brief for appellant J. Hawley Smith.

Mr. Victor H. Kramer, Attorney, Department of Justice, Washington, D. C. with whom Messrs. Herbert A. Bergson, Assistant Attorney General, and C. Heyward Belser, Attorney, Department of Justice, were on the brief, for appellee.

Before EDGERTON and PROCTOR, Circuit Judges, and H. CHURCH FORD, District Judge sitting by designation.

EDGERTON, Circuit Judge.

The United States brought this civil action for an injunction under the Sherman Act, 26 Stat. 209, § 4, as amended, 15 U.S.C.A. § 4, against the National Association of Real Estate Boards, the Washington Real Estate Board, and certain individuals. The defendants moved for summary judgment on the theory of res judicata because they were acquitted in a criminal prosecution based on the same facts. D.C., 80 F.Supp. 350. The District Court denied the motion.

The government moves to dismiss this special appeal for lack of jurisdiction. This motion must be granted. The Expediting Act, 32 Stat. 823, § 2, as amended, 15 U.S.C.A. § 29, provides that in a suit in equity brought by the United States under the Sherman Act "an appeal from the final judgment of the district court will lie only to the Supreme Court. * * *" In United States v. California Cooperative Canneries, a Sherman Act case from this court, the Supreme Court said: "the Canneries contends that the Court of Appeals had jurisdiction of the appeal from the order denying leave to intervene. It argues that the appeal was not within the purview of section 2 of the Expediting Act, because it was not 'an appeal from the final decree'; * * * and because, under section 226 of the District of Columbia Code, the Court of Appeals has, in its discretion, jurisdiction of an appeal from interlocutory orders. The contention is unsound. * * * Congress limited the right of review to an appeal from the decree which disposed of all matters * * * and it precluded the possibility of an appeal to

either court from an interlocutory decree. * * * The purpose of Congress to expedite such suits would obviously be defeated if in the District of Columbia an appeal lay to the Court of Appeals * * *." 279 U.S. 553, 557–559, 49 S.Ct. 423, 424, 73 L.Ed. 838. Cf. Allen Calculators, Inc., v. National Cash Register Co., 322 U.S. 137, 142, 64 S.Ct. 905, 88 L.Ed. 1,188; United States Alkali Export Ass'n, Inc. v. United States, 325 U.S. 196, 202, 203, 65 S.Ct. 1120, 89 L.Ed. 1554. Section 226 of the District of Columbia Code of 1901, to which the Supreme Court referred in the Canneries case, and section 17—101 of the 1940 edition of the Code were substantially identical.

Appeal dismissed.