## UNITED STATES v. GENERAL ELECTRIC CO. et al.

Civ. A. No. 1364.

United States District Court
D. New Jersey.

Nov. 21, 1950.

See also 82 F.Supp. 753.

2. Filed December 4, 1950.

166

Katzenbach, Gildea & Rudner, by George Gildea, Trenton, N. J., Simpson, Thacher & Bartlett, by Whitney North Seymour, and Albert C. Bickford, New York City, Fish, Richardson & Neave, by Alexander C. Neave, New York City, and Quincy D. Baldwin, Cleveland, Ohio, of counsel, for General Electric Co. and International General Electric Co., Inc.

Pitney, Hardin & Ward, by Arthur J. Martin, Jr., Newark, N. J., for Sylvania Electrical Products, Inc.

Stryker, Tams & Horner, by Walter F. Waldau, Newark, N. J., for Westinghouse Electric & Mfg. Co.

Richard Eyre, New York City, of counsel for Tung Sol Lamp Works, Inc.

Kessler & Kessler, by Samuel I. Kessler, Newark, N. J., and Arthur J. Brothers, New York City, of counsel, for Jewel Lamp Co., and others.

Greene & Hellring, by Israel B. Greene, Newark, N. J., for Bond Electric Co.

FORMAN, District Judge.

Bond Electric Company is before the court on an amended petition in which it prays that it be granted leave to intervene in this case; to take testimony and present evidence in support of its amended petition and that it may be granted ad interim relief.

Save Electric Company has filed a petition for permission to be admitted as amicus curiæ.

Jewel Products, Incorporated, has petitioned to be permitted to intervene in this action or in the alternative to be admitted to appear as amicus curiæ.

Herzog Miniature Lamp Works, Inc., Solar Electric Corporation, Republic Company, Atlas Lamp Corporation, Dura Electric Lamp Co., Inc., Carlton Corporation and Pennsylvania Illuminating Corporation have filed petitions in which they incorporated by reference the petition of Jewel and prayed for the same relief.

Jewel subsequently amended its petition so that it conformed in all respects with the amended petition by Bond Electric Company, above mentioned.

Leonard J. Emmerglick, Special Asst. to the Atty. Gen., Horace H. Robbins, Special Atty., New York City, for the plaintiff.

The applications to intervene or otherwise participate in this anti-trust suit brought by the United States come at a stage in the litigation where there are in progress proceedings relating to the formulation of a final decree pursuant to an opinion filed on January 19, 1949 following the trial in this action.

The Rule of Procedure authorizing intervention is as follows:

"Rule 24. Intervention

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof. * * *

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. * * *

"(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action to which the United States or an officer, agency, or employee thereof is not a party; the court shall notify the Attorney General of the United States as provided in Title 28, U.S. C., § 2403." Fed.Rules Civ.Proc. rule 24, 28 U.S.C.A.

Substantially all applicants for intervention contend that they are in competition with the General Electric Company and that their businesses will be affected adversely, or otherwise, depending upon the terms of the decree which will be entered in this case; that the representation of their interests by the Government is inadequate and that they can be of aid to the court in the framing and enforcement of a decree which will also protect the public.

It is clear that the petitioners do not qualify for intervention as of right under the statutes and they themselves do not seriously press that contention.

I emphatically disagree with the applicants when they urge that their interests have not been adequately represented in this case either as contemplated by Rule 24(a) (2) or under the permissive provision of the Rule. The Government has been charged with delay and lack of man power effectively to prosecute anti-trust litigation generally, and this suit in particular. Whatever basis there may be in the comment that anti-trust litigation in general is hampered by failure to supply sufficient man power to implement the administration and enforcement of the provisions of the anti-trust laws no such abstract characterization of the conduct of the Government in this case has merit. The seemingly long delays cannot be properly assessed without reflecting the enormous task involved in the preparation of the case, the obstacles to be surmounted in the gathering and presentation of evidence, and the unavoidable continuances granted at the request of the Executive De-

partment of the Government justified by the exigencies created by World War II.

Tacitly, if not otherwise, the opinion in this case was designed to carry the conviction that the Department of Justice adequately represented the public interest in free competition including the interests of the present applicants for intervention.

Moreover under Rule 24(a) (2) there is a conjunctive requirement that the applicant for intervention "is or may be bound by a judgment in the action". While applicants may be more or less affected by the judgment rendered in this case it is apparent that they will not be bound by any decree which may be entered. See Jewel Ridge Coal Corp. v. Local #6167, etc., D.C., 3 F.R.D. 251, 254.

■ The sole basis to warrant the intervention of the petitioners is that this court is endowed with the power to permit intervention in the exercise of its sound discretion within the scope of Rule 24(b). It is indeed questionable whether the claim of petitioners that their interests will best be served by the entering of a certain form of decree or the granting of certain relief is the type of "claim" encompassed within the Rule which would justify the exercise of a court's discretion in allowing intervention. Apart from this consideration, I am constrained to the opinion that my discretion should not be exercised to permit the petitioners to intervene in this anti-trust suit instituted and tried by the Government. I am in accord with the persuasive reasoning of Judge Rifkind in his illuminating opinion in U. S. v. Bendix Home Appliances, Inc., et al., D.C., 10 F.R.D. 73, 76 for the necessity of maintaining the "bifurcated structure of the anti-trust laws", particularly where here as there, "the United States as the party plaintiff and the Attorney General as the statutory vindicator of the Government's policy enunciated in the anti-trust laws, object to the intervention."

■ The primary aim of the petitioners is the fashioning of a decree which will be directly beneficial to them. This they may not do by intervention in this suit.

It is settled that a private person may not maintain a suit under § 4 of the Sherman Act, 15 U.S.C.A. § 4. Paine Lumber Co. v. Neal, 244 U.S. 459, 471, 37 S.Ct. 718, 61 L.Ed. 1256; U. S. v. Bendix Home Appliances, Inc., supra. If petitioners are being and have been irrevocably injured by the defendants' conduct, their remedy is by a private suit under 15 U.S.C.A. §§ 15, 26 which includes a right of action for triple damages. In this regard, Judge Rifkind's remarks in the Bendix case, supra, are most apposite:

"It would seem to be a necessary corollary of this dichotomy of rights which underlies the structure of the anti-trust laws that private persons may not intervene in suits which are maintainable only by the United States. And this corollary should apply whether the particular action is for enforcement of the anti-trust laws, or for the enforcement of decrees rendered under those laws." 10 F.R.D. at page 76.

\* \* \* \* \* \*

"where, indeed, the United States has sifted the proposed intervenors' complaints and has decided to oppose the intervention, it would violate the statutory policy to allow the petition. Intervention would tend to make the private parties quasi attorneys general in enforcing the anti-trust laws, in contravention of 15 U.S.C.A. § 4 and 15 U.S.C.A. § 25 which explicitly require that Government suits shall be under the direction of the Attorney General." 10 F.R.D. at pages 76, 77.

\* \* \* \* \* \*

"As I understand it, the scheme of the statute is sharply to distinguish between Government suits, either criminal or Civil, and private suits for injunctive relief or for treble damages. Different policy considerations govern each of these. They may proceed simultaneously or in disregard of each other. The very fact that Congress has made an adjudication in a Government suit prima facie evidence of certain facts in a private suit would indicate that it was not the intention of the Congress that private parties should be permitted to apply for private relief at the

foot of a decree entered in a Government suit. 15 U.S.C.A. § 16. * * *" 10 F.R.D. at page 77.

In the instant matter it is also reasonably to be expected that the collation of all the relevant evidence of conditions in the lamp industry by the Attorney General, will be conducive to a more intelligent framing of a decree than can be accomplished by piecemeal intervention of a multitude of individual complainants.

The applicants for intervention have cited a number of cases which they claim lend authority under which their petitions should be granted. Although we are not unmindful of the fact that under certain circumstances intervention in a Government suit under the anti-trust laws has been permitted, none of the cited cases are apposite to the case at bar, and most are readily distinguishable. Judge Rifkind, in the Bendix case, supra, distinguished several of these cases and noted that in those cases "the policy behind the bifurcated structure of the anti-trust laws is not disserved since it is essentially the initiative of the Government which guides the suits." Thus in Missouri-Kansas Pipe Line Co. v. U. S., 312 U.S. 502, 61 S.Ct. 666, 85 L.Ed. 975, the decree fashioned with the aid of the Government provided for intervention, and in U.S. v. Vehicular Park, Ltd., D.C., 7 F.R.D. 336, the Government invited intervention as a means of amending an inadequate decree. In Allen Calculators Co. v. National Cash Register Co., 322 U.S. 137, 141, 64 S.Ct. 905, 88 L.Ed. 1188, Mr. Justice Roberts, in a dictum suggested the propriety of intervention as contemplated by the statute but the pronouncement therein is barren of circumstances which would make it influential on the question at bar. See also Judge Rifkind's comment on this dictum in the Bendix case, supra, 10 F.R.D. at page 76.

In both U. S. v. Terminal Railroad Ass'n of St. Louis, 236 U.S. 194, 35 S.Ct. 408, 59 L.Ed. 535 and California Co-op Canneries v. United States, 55 App.D.C. 36, 299 F. 908, the judgment and decree entered, respectively, operated prejudicially to otherwise legally enforceable rights of the intervenors. The basis upon which intervention was permitted in U. S. v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 and U. S. v. Pullman Co. et al., D.C., 64 F.Supp. 108, the other two cases cited by the petitioners, is not discussed in the opinions of the court, although it is clear from the factual recitals that the interventions permitted were for limited purposes which did not involve the framing of a decree as in the instant case.

The petitioners in conjunction with their applications to intervene have requested that this court grant certain ad interim relief in order that they may carry on their business effectively during the further course of this proceeding. They allege that the very purpose of this suit may be vitiated unless this relief be granted. The Government has indicated that it proposes under certain conditions to ask for some form of ad interim relief. In any event at this stage of the case, and, in view of a denial of leave to intervene, whether to request such relief and suggestions as to the form it should take are strictly in the hands of the Government.

Petitioners have further requested, pursuant to Rule 43(e) of the Federal Rules of Civil Procedure, that they be granted leave to take testimony and present evidence to support their motion for intervention. Aside from the fact that Rule 43(e) appears limited in its application to "parties", such testimony and evidence could only bring out fact situations, in support of, or in addition to, those allegations set forth in the petition and orally presented to the court. However, no amount of testimony and evidence concerning the factual situation could change the legal position of petitioners. They have had their opportunity to set forth their legal reasons and they are inadequate. To grant this request, would be to permit the introduction before the court of evidence bearing on the decree, a procedure available to petitioners only if this court should have permitted intervention.

In view of our prior comments on the Government's handling of this case,

170

sound discretion commands· that at this stage of the proceedings, leave to appear as amicus curiæ should also be denied.

Information received from Government's counsel and from counsel for General Electric Company indicates that the parties will be ready for further proceedings herein on December 12, 1950.

Hence, it is ordered that each application filed herein to intervene as a party or as amicus curiæ, for ad interim relief, and to take testimony and present evidence in support of intervention or ad interim relief, be, and the same is hereby denied and

It is further ordered that the adjourned hearing for the purpose of taking testimony in support of the decree proposed by the Government and such other matters as may be properly brought before the court in connection therewith shall be convened on Tuesday, December 12, 1950, at 10:30 a. m.