**UNITED STATES v. AMERICAN SOC. OF COMPOSERS, AUTHORS & PUBLISHERS et al.**

United States District Court, S. D. New York.

July 28, 1951.

J. Howard McGrath, Atty. Gen. of the United States, Melville C. Williams, Harold Lasser, Sp. Assts. to Atty. Gen., Lambert F. Dickinson, Trial Atty., New York City, for plaintiff.

Schwartz & Frohlich, New York City, Louis D. Frohlich, New York City, of counsel, for defendant ASCAP.

WEINFELD, District Judge.

Petitioner, appearing on his own behalf, seeks to intervene in this action which was instituted against defendants for violation of the anti-trust statutes, wherein an amended consent decree was entered on March 14, 1950. His application is made "pursuant to Section 9, Subsection (d), of the Consent Decree, and Rule 24 (a) and (b) of the Federal Rules of Civil Procedure."

The relief sought by the petitioner is that the defendant American Society of Composers and Authors, referred to hereinafter as ASCAP, be enjoined from operating under a blanket system; that petitioner have monetary and injunctive relief under the Sherman Anti-Trust Law, 15 U.S.C.A. §§ 1–7, 15 note, "for the monopolistic use of his four songs to build up ASCAP's repertory, and make free competition so that applicant can engage in the music business;" that the Court determine what is fair and just for the applicant; that he be restored to the constructive ownership of four songs, the copyrights of which were allegedly procured illegally by defendant.

In addition to the foregoing relief petitioner in an affidavit submitted in support of his motion demands numerous other items of relief including that the activities of the defendants described therein be declared a conspiracy restraining interstate trade and commerce, and that ASCAP and others be enjoined and restrained from entering into any contract, agreement, conspiracy specifically enumerated therein, and from using the mails to promote schemes to defraud the public out of their songs.

Prior to the present application for intervention the petitioner had instituted three actions in the Federal Court in Missouri and one in this District, all of which were dismissed but not until he had served nine complaints and amended complaints. An examination of the prolix allegations of various complaints in those actions shows that in the main they alleged piracy with respect to certain uncopyrighted lyrics written by petitioner prior to 1942, on the part of two publisher defendants allegedly with the connivance of ASCAP and other defendants therein. As each complaint was dismissed and a new or amended one served additional charges were made. Thus the action which was commenced in this District after the dismissal of the suits in the Missouri Courts enlarged upon his complaints there and charged the defendants with piracy of his lyrics, mail fraud and conspiracy to violate the anti-trust laws. Also included was a charge that Federal employees had been influenced to make false statements with reference to copyright records. In addition to corporate and individual defendants also named were the United States of America, officials of the Copyright Office and officials of the Postal Department. This last action, after an amended complaint had been served pursuant to leave, was dismissed (1) for lack of jurisdiction with respect to the piracy claim and (2) for failure to state a valid claim for relief under the anti-trust laws.

Then followed the present motion to intervene and to open the decree. The petition herein, a rambling document of some 34 pages, in substance reiterates and elaborates many of the allegations of the previous complaints rejected by the Missouri and New York United States District Courts. The petition fans out in many directions and contains additional charges, all stemming from the basic charge of piracy of his lyrics.

Petitioner, who describes himself as "in the business of writing songs and is a songwriter of merits," was and is not a member of the defendant, nor was he a party to the suit in which the consent decree was entered.

We first consider the application insofar as it is based upon the provisions of the decree. Section IX, subsection D thereof, provides that "nothing in this Section IX shall prevent any applicant or licensee from attacking in the aforesaid proceedings or in any other controversy the validity of the copyright of any of the compositions in the ASCAP repertory * * *". Petitioner is neither an applicant for a license from ASCAP nor a licensee from it and so the foregoing pro-

vision is not available to him. So, too, since he was not a party to the action there is no right to intervene under Section XVII wherein the Court retained jurisdiction for the purpose of enabling any of the parties to make application for further orders and directions as may be necessary and appropriate.

██ Petitioner also moves under Rule 24 (a) and (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is clear that petitioner does not qualify or bring himself within any of the three subdivisions of Rule 24(a) governing intervention as of right. Considering each numbered subdivision thereof it appears that (1) there is no statute which confers upon petitioner an unconditional right to intervene; (2) since he was not a party to the action the question of adequacy of representation of his interest does not arise and moreover he is not bound by the judgment; and finally (3) there is no property in the custody or subject to control or disposition of the Court. Allen Calculators, Inc., v. National Cash Register Co., 322 U.S. 137, 64 S.Ct. 905, 88 L.Ed. 1188; United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260; United States v. Columbia Gas & Electric Corp., D.C., 27 F.Supp. 116; app. dism. Missouri-Kansas Pipe Line Co. v. U.S., 108 F.2d 614; certiorari denied Missouri-Kansas Pipe Line Co. v. Columbia Gas & Electric Corp., 309 U.S. 687, 60 S.Ct. 887, 84 L. Ed. 1030.

Accordingly, the only basis of relief is Rule 24 (b) which provides: " (b) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

In the absence of a statute conferring a conditional right to intervene petitioner's relief must rest upon subdivision (2). The issue is whether sufficient has been shown to warrant the exercise of the Court's discretion in favor of intervention the effect of which would permit petitioner

to pursue in this action his private claim based upon an alleged violation of his common law right to his songs. The Attorney General, in opposing the motion for intervention, states that an examination of the petitioner's charges does not disclose that the amended Final Judgment has been contemned or violated nor have any facts been submitted to justify its modification.

██ This action was instituted in 1940 by the Government against the defendants alleging violations of the Sherman and Clayton Anti-Trust Laws, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq. A consent decree was entered in March 1940. Following an exhaustive investigation by the Government and only after extensive negotiations an amended consent judgment was entered in March 1950. Certainly the present application is not timely. As Chief Judge Learned Hand stated in Minneapolis Honeywell Regulator. Co. v. Thermoco, Inc., 2 Cir., 116 F.2d 845, 847, " * * * intervention is not as of course; it requires the assent of the court and the application must be 'timely.' " Moreover there is no justification for intervention and the re-opening of the decree, encompassing matters entirely foreign to petitioner's claim, to permit him to litigate his private claim and real grievance—that of piracy of his songs. United States v. Bendix Home Appliances, Inc., D.C., 10 F.R.D. 73; United States v. Columbia Gas & Electric Corporation, D.C., 27 F.Supp. 116; United States v. Radio Corporation of America, D.C., 3 F.Supp. 23.

Sound public policy dictates that where Government is the complainant in a suit its conduct and control of litigation be free from interference by private citizens. The protection of the public interest rests upon those officials whose special responsibility and duty it is to enforce the laws. To permit intervention by private citizens, whose purpose in the main is self interest, in proceedings instituted by the Government is more likely to hinder rather than help in the enforcement of laws.

In the exercise of discretion the motion is denied. Settle order on notice.