**UNITED STATES of America,**
**Plaintiff,**

v.

**LOEW'S Incorporated et al.,**
**Defendants.**

United States District Court
S. D. New York.

Dec. 8, 1955.

Socolow, Stein & Seton, New York City, for Keyport Theatre Co.

Leopold J. Friedman, New York City, for Loew's Theatre & Realty Corp.

Paul W. Williams, U. S. Atty., New York City, for the United States.

SUGARMAN, District Judge.

On February 7, 1952 a "consent judgment as to Loew's Incorporated" was entered in United States v. Paramount Pictures (Equity No. 87–273) in which case said Loew's Incorporated was a defendant.

That decree provided *inter alia* [III. 7.(b)]:

"After the divorcement and divestiture provisions of this judgment have been carried out, the New Theatre Company may acquire a beneficial interest in any theater only in the situations covered by paragraphs (i) and (ii) of the preceding subsection (a)* unless the New Theatre Company shall show to the satisfaction of the Court, and the Court shall first find, that the acquisition will not unduly restrain competition".

The said decree also provides [X. 1.]:

"Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this consent judgment and no others to apply to the Court at any time for such orders or direction as may be necessary or appropriate for the con-

---

\* The provisions in paragraphs (i) and (ii) of subsection (a) are not involved in the instant application.

struction, modification, or carrying out of the same and for the enforcement of compliance therewith and for the punishment of violations thereof, or for other or further relief."

Loew's Theatre & Realty Corporation (which is assumed to be "the New Theatre Company") now moves "for an order permitting the Petitioner to acquire and operate an out-door theatre to be constructed on Route 35, Raritan Township, Monmouth County, New Jersey and for such other and further relief as to the Court may seem just and proper". The Government does not oppose Loew's application.

However, Keyport Theatre Company, a New Jersey corporation, operating the Strand, a conventional theatre, in Keyport, New Jersey, (a town approximately three and one-half miles east of the location of Loew's proposed out-door theatre site) moves simultaneously "to intervene in the hearing, argument and determination" of the Loew's motion for permission to acquire the out-door theatre. Upon the argument of Loew's motion for permission to acquire and Keyport's motion to intervene, the court reserved decision on the motion to intervene and adjourned for hearing the motion for permission to acquire. This memorandum will address itself to the motion to intervene.

The provision for retention of jurisdiction set forth in X. 1 of the consent decree of February 7, 1952 quoted above is substantially the same as appears in VIII of the basic decree in United States v. Paramount Pictures, Inc., D.C., 70 F. Supp. 53, at page 76.

An examination of the Paramount file in the office of the clerk of this court indicates that at least nine times here-

tofore attempts to intervene by various petitioners for a variety of reasons have met with failure. In four of those cases [1] the Supreme Court approved the denial of intervention.

■ That petitioner to intervene herein seeks to *prevent* permission for Loew's to acquire the out-door theatre, rather than to allow affirmative action by the petitioner to intervene as in the earlier instances, is of no moment. In either case, the right to intervene must be subjected to the same test.

■ Jurisdiction in an antitrust suit is exhausted by a decree accomplishing the intended purpose [2] (cessation of the offensive restraint and/or monopoly) unless, to further that end, or to take other action under the decree, it is retained in the decree. When retained it will be exercised within the limitations of that retention.

■ Jurisdiction of this cause having been retained "for the purpose of enabling *any of the parties to this consent judgment, and no others,* to apply to the Court" [emphasis supplied] when necessary, and the petitioner not being a party to the consent judgment, its motion for leave to intervene herein is denied.

However, Keyport may present the proof (*amicus curiae* and not as an intervenor) upon which it challenges Loew's burden to "show to the satisfaction of the Court" that the acquisition of the out-door theatre "will not unduly restrain competition".

Hearing on the application by Loew's will proceed on December 19, 1955 at 10:30 A. M. in Room 705 of the courthouse.

It is so ordered.

1. St. Louis Amusement Co. v. United States, 326 U.S. 680, 66 S.Ct. 31, 90 L. Ed. 397; Ball v. United States, 338 U.S. 802, 70 S.Ct. 61, 94 L.Ed. 486; Partmar Corp. v. United States, 338 U.S. 804, 70 S.Ct. 69, 94 L.Ed. 486; Sutphen

Estates, Inc., v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19.

2. Buckeye Coal & R. Co. v. Hocking Valley R. Co., 269 U.S. 42, 46 S.Ct. 61, 70 L.Ed. 155.