**UNITED STATES of America,**
**Plaintiff,**

v.

**LOEW'S Incorporated et al., Defendants.**

United States District Court
S. D. New York.

March 19, 1957.

Victor R. Hansen, Asst. Atty. Gen., Antitrust Division, Dept. of Justice, for United States of America.

Socolow, Stein & Seton, New York City, Monroe E. Stein, New York City, of counsel, for Syndicate Theatres, Inc., proposed intervenor.

O'Brien, Driscoll & Raftery, New York City, Edward C. Raftery, New York City, of counsel, for Lucille A. Reagan and Charles M. Reagan.

PALMIERI, District Judge.

This is a motion by Syndicate Theatres, Inc. (Syndicate) an Indiana corporation, to intervene, pursuant to Rule 24 of the Federal Rules of Civil Pro-

cedure, 28 U.S.C.A., in the pending application of Lucille A. Reagan, and her husband, Charles M. Reagan, for additional time to dispose of Mrs. Reagan's stock in Denham Theatres, Inc.

Charles M. Reagan is General Sales Manager of Loew's, Inc. Mrs. Reagan has a 50% interest in a first-run theatre in Denver, Colorado, and a 25% interest in four first-run theatres in Indianapolis, Indiana, through ownership of 50% of the stock of Denham Theatres, Inc. At the time of the entry of judgment in this action, an undertaking was secured requiring the disposition of Mrs. Reagan's interest in these theatres by February 6, 1955. The purpose of this undertaking was to eliminate any preferment of these theatres in the licensing of pictures distributed by Loew's Inc. Extensions of time have been heretofore granted and on adequate grounds. The present posture of the matter is that there is a pending application for a further extension of time beyond April 6, 1957, for the disposition of Mrs. Reagan's stock in Denham Theatres, Inc. It should be noted that the licensing of any Loew's pictures at the Reagan theatres has been subjected to continuous scrutiny by the Attorney General and has been so restricted as to provide competitors with advantages which perhaps exceed those contemplated by the judgment and undertaking.

Syndicate, the proposed intervenor, does not operate any theatres either in Denver, Colorado, or in Indianapolis, Indiana. It asserts that it operates motion picture theatres in cities located from 20 to 80 miles outside of Indianapolis. It is also plaintiff in a private antitrust suit pending in the Southern District of Indiana, in which Loew's Inc., is one of the defendants.

Mr. and Mrs. Reagan oppose granting intervention to Syndicate, and further oppose its being permitted to appear as *amicus curiae*. The Attorney General opposes intervention by Syndicate but does not oppose its being heard as *amicus curiae*.

An examination of the pleadings in the private antitrust suit pending in the Indiana District Court indicates that a substantial basis for the proposed intervention by Syndicate here rests upon several of the allegations and charges contained in its complaint in the Indiana action. Inasmuch as that action is being actively litigated and will be tried before a jury demanded by Syndicate, I cannot escape the conclusion that Syndicate's application for intervention is motivated by its desire to give aid and comfort to its position in its private antitrust suit in Indiana. Moreover, a very considerable and unwarranted inconvenience would be foisted upon the litigants as well as the Courts if Syndicate were permitted, in effect, to accomplish simultaneous litigation of the same issues before two district courts.

Rule 1 of the Federal Rules of Civil Procedure requires that the rules be construed so as "to secure the just, speedy, and inexpensive determination of every action." Quite the opposite result would be reached by the granting of intervention here, since Loew's, Inc., would be compelled to meet the same issues in two distant courts at the same time. I cannot conceive of any useful purpose being served by such a procedure. But it is plain that the occasions for harassment, delay and inconvenience would be innumerable.

Moreover, the retention of jurisdiction clauses of the final decrees entered on February 8, 1950, and substantially incorporated in the consent judgment as to Loew's, Inc., provide:

"Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this decree, and no others, to apply to the court at any time for such orders or direction as may be necessary or appropriate for the construction, modification, or carrying out of the same,

for the enforcement of compliance therewith, and for the punishment of violations thereof, or for other or further relief."

 Clearly, intervention such as that now sought was expressly excluded by these clauses. Since this is an action pursuant to Section 4 of the Sherman Act, 15 U.S.C.A. § 4, and hence enforced by the United States in the public interest, intervention by private persons must be denied for reasons of sound public policy. See United States v. American Society of Composers, Authors and Publishers, D.C.S.D.N.Y. 1951, 11 F.R.D. 511; United States v. Bendix Home Appliances, D.C.S.D.N.Y. 1949, 10 F.R.D. 73; United States v. General Electric Co., D.C.D.N.J.1950, 95 F.Supp. 165. Intervention in the Paramount case has been denied on a number of occasions on the same grounds. United States v. Paramount Pictures, Inc., 1948, 334 U.S. 131, 176–178, 68 S.Ct. 915, 92 L.Ed. 1260; Sutphen Estates, Inc., v. United States, 1951, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19; Partmar Corp. v. United States, 1949, 338 U.S. 804, 70 S.Ct. 69, 94 L.Ed. 486.

In United States v. Loew's, Inc., D.C. S.D.N.Y.1955, 136 F.Supp. 13, intervention was denied to an exhibitor allegedly in competition with Loew's, Inc., on the basis of the retention of jurisdiction clauses hereinabove quoted.

Intervention in this complex litigation by Syndicate will tend to prolong and protract the proceedings. Moreover, it will inflict an additional and heavy burden upon the Government and impair its control over these proceedings.

It is plain that if intervention were permitted, it could not be of right, but only by permission of the Court. Rule 24(b) enjoins the Court, in exercising its discretion, to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." For the reasons

indicated, permission must therefore be withheld.

 I have considered the alternative of permitting the proposed intervenor to be heard as *amicus curiae,* and I feel constrained to decline to do so; first, because it has made plain that it seeks nothing short of the opportunity to conduct what it terms "a vigorous adversary proceeding" under circumstances which would effectively displace the Attorney General as vindicator of the public interest; and second, because its effectiveness as *amicus curiae* is impaired in view of its current position as an adverse party litigant in the private antitrust suit in Indiana.

Motion denied. Submit order on notice.