**FIRST CONGREGATIONAL CHURCH AND SOCIETY OF BURLINGTON, IOWA, First Congregational Church of Pontiac, Michigan, et al., Plaintiffs,**

**v.**

**EVANGELICAL AND REFORMED CHURCH, John T. Beach, as Treasurer and a member of The General Council of The Congregational Christian Churches of The United States, et al., Defendants.**

United States District Court
S. D. New York.

Feb. 15, 1958.

Davies, Hardy & Schenck, New York City, McCobb, Heaney & Dunn, Grand Rapids, Mich., for proposed intervenors, Kenneth W. Greenawalt, New York City, Robert C. C. Heaney, Grand Rapids, Mich., Thomas T. Adams, of counsel.

Wood, Werner, France & Tully, New York City, for defendants other than the Evangelical and Reformed Church and the American Bd. of Commrs. for Foreign Missions, Charles H. Tuttle, Loren N. Wood, Loren T. Wood, John T. Redmond, New York City, of counsel.

DAWSON, District Judge.

This motion is one made pursuant to Rule 24 of the Federal Rules of Civil

Procedure, 28 U.S.C.A.[1] for an order adding "Members to Keep Park Church Congregational," an unincorporated association, as a party plaintiff in the above-entitled action.

The principal action is brought as a representative action by a number of Congregational Christian Churches and ministers and members of Congregational Christian Churches who also are, or were, members of the General Council of the Congregational Christian Churches of the United States, and corporate members of The Board of Home Missions of the Congregational Christian Churches and of the American Board of Commissioners for Foreign Missions, and members of The Annuity Fund for Congregational Ministers. The action is brought to determine questions of the validity, interpretation and construction of a purported written agreement entitled "The Basis of Union of the Congregational Christian Churches and The Evangelical and Reformed Church" and "The Interpretations" and to determine questions in respect of the rights and other legal relations of plaintiffs and those similarly situated arising out of and in connection with said agreement.

Plaintiff churches say that they and a large number of other Congregational Christian Churches are opposed to the union of the Congregational Christian Churches and the Evangelical and Reformed Church, and plaintiffs seek a declaratory judgment that the various agreements and articles of the proposed new church are invalid as to themselves and invalid to change or affect the status, income, assets or functions of defendant Council, boards, funds and corporations.

Movants here who call themselves the "Members to Keep Park Church Congregational," are an unincorporated association consisting of a minority group of members of the First (Park) Congregational Church of Grand Rapids, Michigan. The First (Park) Congregational Church, at a duly called membership meeting in January 1957, adopted a protective or so-called "wait and see" resolution concerning the then proposed merger of The General Council of the Congregational Christian Churches and the Evangelical and Reformed Church. The purpose of said resolution was to maintain the status quo of said church as a church of the Congregational Christian faith and order pending an opportunity to examine the constitution for the United Church of Christ to determine whether that constitution would continue the principles of the Congregational Christian faith. Movants contend that the fact that their church has adopted this "wait and see" resolution, as have, allegedly, many other churches,

1. Rule 24. Intervention.

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control of disposition of the court or an officer thereof. As amended Dec. 27, 1946, eff. March 19, 1948."

"(b). Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. As amended Dec. 27, 1946, eff. March 19, 1948."

constitutes them a different class from the plaintiffs who have brought the action. This does not seem to be the fact. In the memorandum submitted by the moving parties in support of this motion they made this statement:

> "There is no claim here that the representation of the applicants' interest may be inadequate."

The moving papers state that movants intend to adopt the complaint as it stands at present and that they intend to be represented by the same counsel as represents the present plaintiffs in the action. It should be kept in mind that the application is not one of the First (Park) Congregational Church of Grand Rapids, Michigan to be made a party to the action. Rather it is an application by what appears to be a minority group of that Church to be made parties to the action. It appears from the motion papers that this church had a meeting to determine its position on the proposed merger of the General Council of the Congregational Christian Churches with the Evangelical and Reformed Church; that the moving parties were opposed to such merger and presumably other members were in favor of it; that at any rate the members of the church adopted a "wait and see" resolution. The very name of the moving party shows that it represents members who are opposed to the merger of the two churches and since there is no claim that the representation of the interest of parties of this nature in the present suit is inadequate obviously the moving party is not entitled to intervene in the action "as of right." The moving parties seem to recognize this, because in the memorandum submitted in support of the motion they state:

> "We recognize fully that this is a discretionary matter with the court."

In passing upon applications for discretionary intervention, Rule 24(b) states:

> "* * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The Court concludes that to grant this permissive intervention would unduly prejudice the adjudication of the rights of the original parties. There are already fourteen plaintiffs and fourteen defendants in the action. A similar representative action has already run its course through the courts of the State of New York. Cadman Memorial Congregational Soc. of Brooklyn v. Kenyon, 1953, 306 N.Y. 151, 116 N.E.2d 481. The papers show that there are over 5,500 Congregational Christian Churches in the United States. If minority groups in each one of those churches should be allowed to intervene in this action the net result would be to delay the action and to prejudice a prompt determination of the issues which are involved. Nor is such intervention necessary, for the moving parties themselves admit that their interests are properly represented in the present action.

As Mr. Justice Roberts said in Allen Calculators, Inc. v. National Cash Register Co., 1944, 322 U.S. 137, at page 141, 64 S.Ct. 905, at page 907, 88 L.Ed. 1188:

> "It is common knowledge that, where a suit is of large public interest the members of the public often desire to present their views to the court in support of the claim or the defense. To permit a multitude of such interventions may result in accumulating proofs and arguments without assisting the court."

The same comment may be made concerning this motion as was made by Judge Wyzanski in Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, D.C.D.Mass.1943, 51 F.Supp. 972, 973:

> "* * * the intervenor merely underlines issues of law already raised by the primary parties. Ad-

ditional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention."

In the absence of any showing that the interests of the moving parties would not adequately be represented in the present action, and in the light of the fact that the granting of the motion would tend to take additional time in this proceeding and thereby delay or prejudice adjudication of the rights of the original parties, the motion is denied. So ordered.