9 F.3d 88
 27 Fed.R.Serv.3d 824, 24 Envtl. L. Rep. 20,172
 ALAMEDA WATER & SANITATION DISTRICT; Bear Creek Water &
Sanitation District; Consolidated Mutual Water Company, The
Platte Canyon Water & Sanitation District; Southwest Group,
(Bennett Bear Creek Farms Water & Sanitation District,
Meadowbrook Water District and Willowbrook Water &
Sanitation District); Southwest Metropolitan Water &
Sanitation District, Plaintiffs-Appellees,
v.
Carol M. BROWNER, Administrator of the United States
Environmental Protection Agency; Environmental Protection
Agency; Gordon Sullivan, Acting Secretary of the Army;
United States Army Corps of Engineers, Defendants.
Environmental Defense Fund; Colorado Environmental Caucus;
American Rivers, Inc.; National Audubon Society,
Applicants in Intervention-Appellants in
Intervention.
 No. 93-1032.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 9, 1993.
 
 Melinda Kassen, Environmental Defense Fund, Kent Hanson, Robert Golten, American Rivers, Inc., Colorado Environmental Caucus and the Nat. Audobon Society, Boulder, CO, for appellants-in-intervention.
 Marcia M. Hughes of Marcia M. Hughes, P.C., Denver, CO, Mark T. Pifher of Anderson, Johnson & Gianuzio, P.C., Colorado Springs, CO, for plaintiffs-appellees.
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants, various environmental groups interested in preventing the construction of Two Forks Dam outside of Denver and hereafter referred to as the Caucus, appeal the district court's denial of their motion under Fed.R.Civ.P. 24(a)(2) to intervene as of right in a suit brought by various Denver metropolitan water providers (plaintiffs) against the Environmental Protection Agency and the United States Army Corps of Engineers.[1] Because we agree that the Caucus does not meet the requirements to intervene as of right, we affirm the district court.
 
 
 3
 Before we address the merits of this case, we must first articulate the proper standard of review. Plaintiffs urge us to apply an abuse of discretion standard, while the Caucus argues for de novo review. It is settled that rulings on permissive intervention under Rule 24(b) are reviewed for abuse of discretion, see Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 142, 64 S.Ct. 905, 908, 88 L.Ed. 1188 (1944), as are determinations regarding the timeliness requirement of Rule 24(a), Sanguine, Ltd. v. United States Dep't of the Interior, 736 F.2d 1416, 1418 (10th Cir.1984). There is a split in the Circuits, however, regarding the proper standard by which to review the substantive requirements of Rule 24(a)(2). See Sierra Club v. Robertson, 960 F.2d 83, 85 (8th Cir.1992) (collecting cases). Although we have not found a case in which this circuit has explicitly articulated the proper scope of review, our prior decisions indicate that we review rulings on intervention of right de novo. See, e.g., Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.), 998 F.2d 783, 791 (10th Cir.1993) (reviewing an acquisition agreement and testimony in the bankruptcy court); Kiamichi R.R. v. National Mediation Bd., 986 F.2d 1341, 1345 (10th Cir.1993) (comparing complaints and noting failures in intervenor's evidence); FDIC v. Jennings, 816 F.2d 1488, 1491-92 (10th Cir.1987) (focusing on requirements for intervention of right, looking to policy concerns, and engaging in complete analysis). Accordingly, in light of the language in our prior decisions, we will review rulings on motions to intervene as of right pursuant to Rule 24(a)(2) under a de novo standard. See also 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Sec. 1902 (1986) ("application for intervention of right seems to pose only a question of law").
 
 
 4
 As we turn to the merits of this case, it is first necessary to understand the factual background. In an effort to secure the construction of Two Forks Dam, a large water facility contemplated for the foothills southwest of Denver, the city applied to the United States Army Corps of Engineers for a permit to discharge dredged and fill materials into the waters of the United States. The Corps issued the permit, concluding in the process that the project was water dependent.[2] See Appellant's App. at 90. The EPA vetoed the issuance of the permit, whereupon the plaintiffs brought the action underlying this case.
 
 
 5
 As part of the permit evaluation process and in contrast to the opinion of the Corps of Engineers, the EPA staff concluded that the project was not water dependent. See id. at 43. EPA's final determination, however, does not discuss water dependency and concludes that because other large dams could be built that would have "less adverse impact on the aquatic ecosystem" the permit should be denied. Id. at 123. The defendants in this action will argue that the existence of these less damaging, albeit structural, alternatives justifies the EPA's veto.
 
 
 6
 The Caucus argues that there are nonstructural alternatives to Two Forks which would adequately meet identified water needs. The Caucus contends that it must be allowed to intervene in this suit in order to give the district court the benefit of its views on the availability of such nonstructural alternatives, "which alternatives the agencies failed to consider adequately." Appellant's Opening Br. at 21. The Caucus contends that it will argue two issues in the district court: (1) that alternatives to Two Forks exist, and (2) that both the Corps and the EPA impermissibly failed to consider them. Id. at 31.
 
 
 7
 Intervention under Rule 24(a)(2) should be granted when a timely motion to intervene demonstrates that (1) the intervenor has an interest in the property or transaction that is the subject matter of the action, (2) the interest might be impaired absent intervention, and (3) the existing parties will not adequately represent the interest. In re Kaiser Steel Corp., 998 F.2d at 790. Moreover, "intervention requires that this interest in the proceedings be 'direct, substantial, and legally protectable.' " Id. (quoting United States v. Perry County Bd. of Educ., 567 F.2d 277, 279 (5th Cir.1978)). The district court denied the motion to intervene on the ground that the existing defendants adequately represented the interests of the Caucus. Order Denying Motions to Intervene, Appellant's App. at 269.
 
 
 8
 We can affirm the decision of the district court on any basis supported by the record and the applicable law. United States v. Corral, 970 F.2d 719, 726 n. 5 (10th Cir.1992). While the district court found that the defendants would adequately represent the interests of the Caucus, a question we do not address, we note that another requirement of intervention is the presence of a legally protectable interest. Here, the Caucus wishes to participate in the lawsuit so that it can offer additional reasons for upholding the denial of the permit. That evidence, however, would be irrelevant in the district court where the only issue is whether, when confined solely to the reasons cited in the administrative record, the EPA lawfully vetoed the Two Forks permit. The opportunity to offer extraneous evidence beyond the administrative record, and thus beyond the scope of the narrow issue before the district court, is not an interest protectable in the underlying action.[3]
 
 
 9
 A court may not uphold an agency action on grounds not relied on by the agency. National R.R. Passenger Corp. v. Boston & Me. Corp., --- U.S. ----, ----, 112 S.Ct. 1394, 1403, 118 L.Ed.2d 52 (1992) (citing SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943)). Thus, even if there are good alternative reasons for affirming the EPA's action, such evidence would be irrelevant to the deliberations of the district court. "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." Chenery, 318 U.S. at 87, 63 S.Ct. at 459. The action of the EPA must be judged by what it actually did, not by what it might have done. See id. at 93-94, 63 S.Ct. at 462. The district court cannot affirm the EPA based on findings it might have made but did not. See id. at 94, 63 S.Ct. at 462. Because the Caucus seeks to interject issues into this lawsuit that are not before the district court, its interest is not protectable in this action. The district court, therefore, was correct in denying intervention under Rule 24(a)(2).
 
 
 10
 The judgment of the United States District Court for the District of Colorado is affirmed.
 
 
 
 [1]
 The Caucus had also petitioned for permissive intervention under Fed.R.Civ.P. 24(b). It does not, however, appeal the district court's denial of such permission. See Appellant's Reply Br. at 16
 
 
 [2]
 This determination meant the Corps was not required to assume that there were practicable alternatives available to Two Forks Dam. See 40 C.F.R. Sec. 230.10(a)(3)
 
 
 [3]
 This case differs from New York Public Interest Research Group, Inc. v. Regents of the Univ., 516 F.2d 350 (2d Cir.1975). In that case, a pharmaceutical association and three pharmacists were allowed to intervene in a suit challenging the regulation of prescription advertising. The court noted the likelihood that the intervenors would more vigorously advance an economic argument in favor of the statute than would the defendants. Id. at 352. In Regents of the University, the Regents had "acknowledge[d] that protecting the economic interests of certain pharmacists [was] one basis for sustaining the regulation." Id. Here, however, the EPA has not rested its determination on the presence of nonstructural alternatives, and thus, arguments to that point are not before the district court