UNITED STATES of America, Plaintiff,

v.

BEARING DISTRIBUTORS COMPANY et al., Defendants.

No. 6895.

United States District Court
W. D. Missouri, W. D.

Oct. 31, 1955.

---

Stanley N. Barnes, Asst. Atty. Gen., Earl A. Jinkinson, Sp. Asst. to Atty. Gen., and Raymond D. Hunter, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Charles L. Rafter (of Madden & Burke), Kansas City, Mo., for defendant, Bearing Distributor Co.

John E. Sebat (of Jones, Sebat & Swanson), Danville, Ill., for defendants, Cab-Ette Co., Inc. and Loyal Lee Flora.

Rudolph L. Lowell, Des Moines, Iowa, for defendants, Fort Dodge Tent & Awning Co., and Michael A. Halligan.

Thomas E. Scofield, Kansas City, Mo., for defendant, Clyde E. Clapper.

Swecker & Mathis, Washington, D. C., and Harold Croghan (of Margolin & Kirwan), Kansas City, Mo., for intervenor, Original Tractor Cab Co., Inc.

WHITTAKER, District Judge.

Original Tractor Cab Company, hereinafter called petitioner, has filed a motion for leave to intervene in this old case which was brought by the United States on April 27, 1951 against Bearing Distributors Company, Cab-Ette Company, Inc., Fort Dodge Tent and Awning Company, Clyde E. Clapper, Loyal Lee Flora, and Michael A. Halligan, under Section 4 of the Sherman Act, 15 U.S. C.A. § 4, to enjoin claimed violations by defendants of Section 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, which action was terminated by entry by the Court, on October 27, 1953, of a consent decree, subject to retention of jurisdiction "for the purpose of enabling any of the parties to this final judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this judgment, for the modification of any of the provisions thereof, and for the purpose of enforcement of compliance therewith and the punishment of violations thereof."

Though petitioner says it induced the Government to institute this suit, it was not a party to this action, and, though petitioner says it has endeavored to cause the Attorney General to move for the punishment of defendant, Clapper, for the claimed violation of the consent decree, the Government has refused to so move. In fact, the Attorney General, by his special assistant, has filed a brief herein in opposition to petitioner's motion, as have each of the defendants.

Petitioner, by a proffered intervening complaint, seeks to intervene herein to ask that Clapper be punished for a claimed violation of the consent decree, and, it seems to me, to expand the provisions of that decree.

It appears that in April, 1950, Clapper sued petitioner and others, in the United States District Court for the Southern District of Indiana for infringement of his patents; that while that action was

pending this action was brought by the Government. The consent decree in this action contained, in paragraph VI, the following injunctive provision:

"Defendants are jointly and severally enjoined and restrained from instituting any proceeding, judicial or administrative, for infringement of any of the patents to which Sections IV and V of this final judgment may apply alleged to have occurred prior to the date of the entry of this final judgment."

Petitioner, being of the view that the consent decree should have enjoined further *prosecution* of the suit brought against it by Clapper in Indiana, rather than to enjoin defendants from "instituting" an action for infringement of patents based on events occurring prior to the entry of the decree, complains, in its proffered intervening complaint that "said final judgment was entered into without knowledge of the intervenor to the terms thereof" and that the Attorney General, though requested to do so, "has failed and refused to protect the interest of the intervenor by asking this Court to restrain the violation of this final judgment."

It further appears that the patent infringement action instituted by Clapper against petitioner in Indiana in 1950 is still pending there, and that Clapper has filed therein an amended complaint, retaining, as Count II, his action for patent infringement, and inserting four new counts, number one for a declaratory judgment, number three for damages for false patent marking, number four for damages for breach of contract, and number five for damages for unlawful interference with business and contractual relationships (which fifth count has been dismissed at the request of the Department of Justice). Petitioner here contends that this amended complaint constituted the "institution" of a *new suit* for infringement of patents alleged to have occurred prior to the date of entry of the consent decree, and to violate it.

Petitioner, by its proffered intervening complaint, also contends that, though the consent decree required the free grant of licenses under these patents to all applicants on equal terms, and provided that such licenses shall contain no "restrictions", except those set forth in numbered paragraph 6 of the decree, Clapper, in the issuance of licenses, has required that there be attached to each licensed tractor cab, the notation: "Licensed under Clapper U. S. Patent No. 2,452,834", which it says was a "restriction" not authorized by the decree and violates it.

The proffered intervening complaint says, in numbered paragraph 20, that Clapper has threatened distributors and customers of petitioner for their failure to voluntarily surrender to him their business records of transactions with petitioner and that these threats were made solely for the purpose of harassing petitioner.

The prayer of the proffered intervening complaint is that Clapper be punished for contempt of our final decree herein; that he be directed to dismiss his first amended complaint in the Indiana proceeding, and "that a preliminary, and a perpetual, injunction be entered enjoining and restraining the defendant, Clyde E. Clapper, from threatening the customers of intervenor and interfering with the business relations therewith".

I pass my grave doubts as to whether the filing of the amended complaint in Indiana amounts to "instituting" a "new suit" for patent infringement based on events occurring prior to the entry of our decree, and whether the requirement by Clapper, in his license agreements, that tractor cabs made under such licenses shall contain the statutory notice above-quoted, constitutes violation of our decree, because on a motion to intervene, like this, "We are not concerned with the substantiality of this claim. The sole question before us is whether there was standing to make the claim * * *", Missouri-Kansas Pipe

Line Co. v. United States, 312 U.S. 502, 503, 508, 61 S.Ct. 666, 668, 85 L.Ed. 975; United States v. U. S. Gypsum Co., D.C. D.C., 124 F.Supp. 573, 580.

Petitioner claims the right to intervene herein under Rule 24(a) and (b), of Federal Rules of Civil Procedure, 28 U.S.C.A. It is evident at once that it has no right to intervene under subsection (a) of that rule because no statute of the United States confers any such right, and it cannot be said that petitioner's interest has been, or is, inadequately represented here, because, this action having been instituted by the Government for public protection, it has no different legal interest in this proceeding than any other member of the public, and there is no fund or property in the custody of, or subject to the control of, the Court herein.

Petitioner points out that intervention under sub-section (b) of this rule is discretionary, and it urges that the discretion should be exercised in its favor and it cites, in claimed support, Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 61 S.Ct. 666, 85 L.Ed. 975; United States v. Terminal Railroad Ass'n of St. Louis, 236 U.S. 194, 35 S.Ct. 408, 59 L.Ed. 535; Terminal Railroad Association of St. Louis v. United States, 266 U.S. 17, 45 S.Ct. 5, 69 L.Ed. 150, and United States v. U. S. Gypsum Co., D.C., 124 F.Supp. 573. Not one of those cases support it. In each of those cases either the decree expressly provided for the intervention, or some private property "right" (not inuring to the public) had been given the proposed intervenor by the express or implicit terms of the decree, or it was an original party to the action. Nothing of that kind is true here. The cases cited by petitioner, when rightly understood, are direct authority for rejecting its motion to intervene. But there are other soundly reasoned cases, more specifically in point on the facts, that require us to deny petitioner's motion to intervene herein. They are United States v. Bendix Home Appliances, D.C.S.D.N.Y., 10 F.R.D. 73; United States v. American Society of Composers, Authors and Publishers, D.C. S.D.N.Y., 11 F.R.D. 511, and United States v. General Electric Company, D.C. N.J., 95 F.Supp. 165.

 It seems clear that what petitioner seeks is leave to intervene in a case, to which it was not a party, brought by the Attorney General in the discharge of his public duty under Section 4 of the Sherman Act, after final judgment in that case, in order that it may assume prerogatives of the Attorney General and that it may inject new issues and try to induce the Court to expand the provisions of the decree and to punish a defendant for claimed violation of it. Petitioner has no standing to do this, and it follows that its motion to intervene herein must be, and it is hereby, overruled and denied. It is so ordered.