INTERNATIONAL PAPER COMPANY, Plaintiff,

v.

INHABITANTS OF THE TOWN OF JAY, et al., Defendants.

Civ. No. 88–0183–P.

United States District Court, D. Maine.

Feb. 16, 1989.

MEMORANDUM OF DECISION AND
ORDER DENYING THE STATE OF
MAINE'S MOTION TO INTERVENE

GENE CARTER, District Judge.

## I. INTRODUCTION

Plaintiff International Paper Company ["IP"] has challenged the enactment of an Environmental Control and Improvement Ordinance [the "ordinance"] by Defendant Town of Jay, Maine. In a motion filed with this Court on July 15, 1988, the State of Maine, by its Attorney General, moves to intervene as a party defendant in this action pursuant to 28 U.S.C. § 2403(b) and Rule 24 of the Federal Rules of Civil Procedure. Simultaneous to its filing of its motion to intervene, the Attorney General filed an answer to IP's original complaint. The Attorney General has also filed an answer to IP's amended complaint, which was filed on August 8, 1988, as well as an objection to IP's cross-motion for partial judgment on the pleadings.

For the purpose of addressing the motion raised herein, the Court need not set out in detail the facts underlying this case. It suffices to say that IP has challenged the enactment of the ordinance on a variety of substantive grounds, including federal preemption and deprivation of the federal constitutional rights of equal protection and due process, as well as several claims based in the constitutional and statutory law of Maine.

It is the state law component of IP's complaint that has prompted the Attorney General to seek intervention in this Court. Maine's motion to intervene limits itself to two issues: IP's claims that the ordinance violates state law; and IP's claim that it is entitled to an award of attorneys fees and costs against some, but not all, of Jay's taxpayers.[1] IP opposes Maine's motion for

Charles S. Einsiedler, Stephen G. Grygiel, Pierce Atwood, Portland, Me., for plaintiff.

Peter J. Brann, Asst. Atty. Gen., Augusta, Me., for State of Me.

Gerald F. Petruccelli, Portland, Me., Theodore E. Dinsmoor, Gaston & Snow, Boston, Mass., for defendants.

---

1. In its original complaint, filed on June 20, 1988, IP included a general request that the Court grant it costs and attorneys' fees in this action, "such costs and attorneys' fees to be borne by Jay taxpayers other than IP." Complaint at 23. In its amended complaint filed on August 2, 1988, subsequent to Maine's motion to intervene, IP has dropped this general request. IP has added, however, a request under Count II of its amended complaint for "costs, including reasonable attorneys' fees, to be assessed in a manner so as not to be borne ultimately by Plaintiff through taxes or otherwise...." Amended Complaint at 14.

intervention, arguing that the Attorney General is entitled to neither mandatory nor permissive intervention under Rule 24.

For the reasons set out herein, this Court hereby denies Maine's motion for mandatory intervention pursuant to Rule 24(a) as well as Maine's motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

## II. ANALYSIS

### A. INTERVENTION AS OF RIGHT

Rule 24(a) of the Federal Rules of Civil Procedure governs the determination of whether or not a party may intervene of right in an action in the federal courts. Rule 24(a) provides:

> *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when an applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). Thus, a party can intervene of right by demonstrating either that a federal statute confers the right to intervene unconditionally, or that the circumstances meet all of the requirements of Rule 24(a)(2). Since the Attorney General argues that intervention may be granted under either Rule 24(a)(1) or Rule 24(a)(2), the Court addresses each in turn.

### 1. *Intervention Under Rule 24(a)(1)*

In order to claim intervention of right under Rule 24(a)(1) of the Federal Rules of Civil Procedure, the would-be intervenor must prove that a federal statute provides an unconditional right to intervene. The Attorney General claims that 28 U.S.C. § 2403(b) provides an unconditional right to intervene in the instant action. Section 2403(b) provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. . . .

28 U.S.C. § 2403(b). Section 2403(b) thus permits a state to intervene in an action that draws the constitutionality of a state statute into question.

IP has challenged a municipal ordinance enacted by the town of Jay, and not a statute enacted directly by the Maine Legislature. The Attorney General argues, however, that a municipal ordinance should be considered a statute of the state for purposes of section 2403(b) analysis. Since section 2403(b) permits a state to intervene whenever the constitutionality of one of its statutes is in dispute, the Attorney General claims, in effect, that a finding by the Court that a municipal ordinance is a state statute would permit Maine to intervene as a matter of right.

 The Court agrees that the municipal ordinance should be considered a statute of the state for purposes of section 2403(b) analysis. The Court does not agree, however, that this conclusion necessitates state intervention in this matter. Intervention under section 2403(b) is permitted "[i]n any action, suit, or proceeding . . . to which a State or any agency . . . is not a party. . . ." 28 U.S.C. § 2403(b). If a state or any agency thereof is already a party to a particular action, suit or proceeding, section 2403(b) intervention does not apply. The problem with the Attorney General's argument is that an agency of Maine is already a party to the action. The Town of Jay, as a municipal corporation, is an agency of the state, and its status as a defendant in this action precludes the state from intervening under section 2403(b).

The Court has little trouble finding that a municipal corporation is an agency of the state for purposes of section 2403(b). Because neither the statutory language nor its legislative history offer illumination of

the term "state or any agency," *see* S.Rep. No. 204, 94th Cong., 2d Sess. 13, *reprinted in* 1976 U.S.Code Cong. & Admin.News 1988, 2001, the Court interprets these words according to their general interpretation in the courts. A municipal corporation is generally regarded by the courts as a political subdivision of the state, created as a convenient agency for the exercise of such of the state's governmental powers as may be entrusted to it. *Trenton v. New Jersey,* 262 U.S. 182, 187, 43 S.Ct. 534, 536, 67 L.Ed. 937 (1923).

> [The municipal corporation] is a political division of the state and generally a creature of the legislature. It is variously described as an arm of the state, a miniature state, an instrumentality of the state, a mere creature of the state, an agency of the state, and the like.

E. McQuillan, 2 *The Law of Municipal Corporations* § 208a (3d ed. 1988) (citations omitted). The status of municipal corporations in Maine is similar. In a 1935 *Opinion of the Justices,* 133 Me. 532, 178 A. 613, the Maine Supreme Judicial Court echoed the Supreme Court's view:

> Towns are mere agencies of the State. They are purely creatures of the Legislature and their powers and duties are within its control.... Municipal corporations are but instruments of government, created for political purposes and subject to legislative control.

*Id.* at 535, 178 A. 613.

This finding is consistent with Maine's own argument on this issue. Maine has argued that a municipal ordinance should be considered a statute of the state. The Court agrees, and notes that it would hardly make sense to accept this argument and simultaneously deny the municipal corporation's well-established status as an agency of the state.

Therefore, municipal corporations are to be considered agencies of the state for purposes of section 2403(b) analysis. The Court thus finds that the Town of Jay is an agency of the State of Maine. Because

section 2403(b) intervention is limited to actions in which the state or any agency is not already a party, the Court concludes that the Attorney General has failed to demonstrate that a federal statute gives it the unconditional right to intervene pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure.

### 2. *Intervention Under Rule 24(a)(2)*

In order to intervene as of right under Rule 24(a)(2), the would-be intervenor must meet a three-part test.[2] First, it must be established that the would-be intervenor has an interest relating to the property or transaction that is the subject of the action. Fed.R.Civ.P. 24(a)(2). Second, it must be established that the disposition of the action may, as a practical matter, impair or impede the would-be intervenor's ability to protect that interest. *Id.* Third, the would-be intervenor must show that its interest is inadequately represented by existing parties. *Id.* There may be no intervention under Rule 24(a)(2) unless each element of the three-part test is met.

In the instant case, Maine has failed to meet the second requirement of intervention under Rule 24(a)(2). It is generally agreed that in determining whether disposition of the action will impede or impair the applicant's ability to protect his interest, the question is put in practical rather than legal terms. This requirement is satisfied whenever disposition of the present action would put the applicant at a practical disadvantage in protecting his interest. C. Wright, A. Miller, & M. Kane, 7C *Federal Practice and Procedure* § 1908 at 302 (2d ed. 1986).

The Attorney General has argued that the resolution of this action will, as a practical matter, impair or impede Maine's ability to protect its interests in its environmental regulatory program. As the sole support for his argument, the Attorney General claims that the *stare decisis* effect of this case alone is sufficient to impair or impede Maine's ability to protect its interest in its environmental statutes.[3] The

---

**2.** As a threshold matter, a motion to intervene must be timely, which issue is not in dispute in the present case.

**3.** The Attorney General also suggests, without support, that a finding of a protectable interest sufficient to meet the first requirement of Rule 24(a)(2) intervention would require the Court to find a practical impairment of that interest. In

Court does not agree. A decision by a federal district court on state statutory matters solely on the basis of its interpretation or application of state substantive law would not be entitled to preclusive, *stare decisis* effect in the courts of the state. *Blake v. Pallan*, 554 F.2d 947, 952 (9th Cir.1977). The state courts of Maine are free to consider, adopt or ignore any such conclusions of this Court in this case.

Therefore, the Court rejects Maine's argument that the operation of *stare decisis* will impair or impede Maine's ability to protect its interests. *See National Union Fire Insurance Co. v. Continental Illinois Corp.*, 113 F.R.D. 532, 536 (N.D.Ill.1986). Absent any other argument from the Attorney General concerning impairment of Maine's interests by the resolution of this case, the Court finds that Maine has not met the second requirement of intervention under Rule 24(a)(2). Since all three elements of the rule must be met, Maine may not intervene as of right under Rule 24(a)(2).

## B. PERMISSIVE INTERVENTION

In Maine's motion to intervene, filed with this Court on July 15, 1988, Maine has failed to present the Court with a jurisdictional basis for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Nor has Maine addressed the jurisdictional issue in either of its memoranda in support of its motion to intervene. In its memorandum in opposition to the motion to intervene, IP also fails to raise lack of jurisdiction. The Court thus addresses this issue *sua sponte* and finds that there is no jurisdictional basis for Maine's request for permissive intervention in this case.

It is well settled that permissive intervention ordinarily must be supported by independent jurisdictional grounds. *Moosehead Sanitary District v. S.G. Phillips Corp.*, 610 F.2d 49, 52 n. 5 (1st Cir.1979);

its memorandum in support of its motion to intervene, the Attorney General states that once the Court concludes that the state has a protectable interest in the administration and application of its environmental laws, it follows that substantial practical consequences would result from the Court's interpretation of these powers

C. Wright, A. Miller & M. Kane, 7C *Federal Practice and Procedure* § 1917 (2d ed. 1986). Rule 24 does not directly address the jurisdictional issue. Fed.R.Civ.P. 24. Rule 24

> states under what circumstances intervention is proper as a matter of procedure but intervention still must be denied, though all requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor.

C. Wright, A. Miller & M. Kane, 7C *Federal Practice and Procedure* § 1917. Absent a showing of an independent jurisdictional basis, there may be no permissive intervention in the federal district courts.

As stated above, Maine has not proffered bases upon which federal court jurisdiction may be predicated for its motion for permissive intervention. For possible jurisdictional bases, the Court therefore looks to those bases claimed by IP in its amended complaint, dated August 2, 1988. As its jurisdictional bases, IP claims federal question jurisdiction pursuant to 28 U.S.C. section 1331, diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332, and jurisdiction pursuant to 28 U.S.C. section 1343.

The Court rejects 28 U.S.C. sections 1331 and 1343 as viable independent bases of jurisdiction for permissive intervention by Maine in this action. Intervention presupposes the pendency of an action in a court of competent jurisdiction, and cannot create jurisdiction if none existed before. C. Wright, A. Miller & M. Kane, 7C *Federal Practice and Procedure* § 1917. On its face, Maine's motion to intervene limits itself to IP's claims that the ordinance violates state law. Thus limited, Maine's motion to intervene does not state a federal cause of action that would warrant an independent basis for federal question jurisdiction. 28 U.S.C. § 1331. Similarly, Maine's

and duties. State of Maine's Memorandum in Support of its Motion to Intervene, at 6. The Court rejects this suggestion and notes that such a finding would result in the second Rule 24(a)(2) requirement being swallowed up by the first.

limitation on its motion to intervene precludes application of 28 U.S.C. section 1343 as an independent jurisdictional basis. Actions may be brought under section 1343 that concern claims for violations of specific federal statutes or constitutional provisions. 28 U.S.C. § 1343. Since Maine has limited its motion to intervene to questions of whether state law has been violated, there is no independent jurisdictional basis in section 1343.

 Nor does the Court find an independent jurisdictional basis in diversity of citizenship pursuant to 28 U.S.C. section 1332. Section 1332 provides in pertinent part:

(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and is between ... citizens of different States....

28 U.S.C. § 1332. There is no question that a state is not a "citizen" for purposes of diversity jurisdiction. *Moore v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). Diversity of citizenship jurisdiction is not available where one of the parties establishing the diversity is a state.

A State is not a citizen. And ... it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States; and that the Circuit Court of the United States has no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States.

*Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894). Maine, therefore, may not claim diversity of citizenship as a basis of independent jurisdiction in this matter. Absent any basis of independent jurisdiction in Maine's motion for permissive intervention, the Court concludes that Maine may not intervene in this matter pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

Accordingly, it is ORDERED that the Attorney General for the State of Maine's motion for intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure be, and it is hereby, DENIED. It is further ORDERED that the Attorney General for the State of Maine's motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure be, and it is hereby, DENIED.