**INTERNATIONAL PAPER COMPANY,
Plaintiff, Appellee,**

v.

**The INHABITANTS OF THE TOWN
OF JAY, MAINE, et al.,
Defendants, Appellees.**

**Appeal of STATE OF MAINE.**

**No. 89–1295.**

United States Court of Appeals,
First Circuit.

Heard Aug. 3, 1989.
Decided Oct. 10, 1989.

Peter J. Brann, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., and Thomas D. Warren, Deputy Atty. Gen., Augusta, Me., were on brief, for appellant.

Theodore E. Dinsmoor with whom David G. Oedel, Gaston & Snow, Boston, Mass., Gerald F. Petruccelli, Mary P. Mitchell and Petruccelli, Cox & Martin, Portland, Me., were on brief for appellees the Inhabitants of the Town of Jay, Me., et al.

William J. Kayatta, Jr., with whom Catherine R. Connors and Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., were on brief, for appellee Intern. Paper Co.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

The state of Maine ("Maine") appeals from the district court's denial of its motion to intervene in a lawsuit brought by International Paper Company ("IP") against the town of Jay, Maine. The issue on appeal is whether Maine's interest in the suit, which challenges a local environmental ordinance as violative of state law, is sufficient to require the district court to allow Maine to intervene under one or more of the provisions of Federal Rule of Civil Procedure 24. Finding no legal error or abuse of discretion, we affirm the lower court's denial of Maine's motion to intervene.

In June of 1988, IP brought an action for declaratory and injunctive relief against the town of Jay and several of its officials in the United States District Court for the District of Maine. IP sought to invalidate a so-called Environmental Control and Improvement Ordinance which the town had enacted. Among various federal and state bases for attack, IP alleged that the ordinance was preempted by Maine's state environmental laws. Resolving IP's lawsuit may require the district court to interpret previously uninterpreted provisions of Maine's environmental laws, as well as provisions of Maine's recently modified Home Rule statute.

On July 15, 1988, Maine filed a motion with the district court to intervene as a party defendant, pursuant to 28 U.S.C. § 2403(b) and Rule 24 of the Federal Rules of Civil Procedure. Maine sought to intervene only to address IP's claims that the ordinance violates state law and IP's claim that it is entitled to attorney's fees against the taxpayers of Jay other than itself. On August 1, 1988, IP filed an objection to Maine's motion to intervene. The town took no position in the district court on Maine's motion, although it has filed a brief in this court arguing that Maine is entitled to intervene under Federal Rules 24(a)(2) and 24(b).

On August 10, 1988, subsequent to commencement of IP's suit, Maine brought suit in state court against IP alleging that IP had violated several provisions of Maine's environmental law. That action is still pending in state court.

On February 16, 1989, the district court rendered a decision denying Maine's motion to intervene. *International Paper Co. v. Inhabitants of the Town of Jay*, 124 F.R.D. 506 (D.Me.1989). This appeal followed. Maine now argues that it was entitled to intervention on three separate grounds: 1) statutory intervention of right under Rule 24(a)(1) in conjunction with 28 U.S.C. § 2403(b); 2) intervention as of right under Rule 24(a)(2); and 3) permissive intervention under Rule 24(b). We will address these three arguments in turn.

## I. *Intervention As of Right Under Rule 24(a)(1)*

Rule 24(a)(1) provides: "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene...." Fed.R.Civ.P. 24(a)(1). Maine claims that Section 2403(b) of the Judicial Code gives it an unconditional right to intervene in this action. Section 2403(b) provides:

In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality....

28 U.S.C. § 2403(b).

IP responds that its action does not question "the constitutionality of any statute of [the] State" since it challenges only an ordinance enacted by the town of Jay, rather than a statute passed by the Maine legislature. Alternatively, IP argues that even if the ordinance is deemed to be a "statute of [the] State," section 2403(b) would not provide a right of intervention in this case, because if ordinances of a town are state statutes, then towns must neces-

sarily be state agents. And if this is so, then an agency of the state—the town of Jay—is already a party to this action, hence section 2403(b) does not apply.

Maine contends that ordinances adopted by the town of Jay are indeed state statutes for purposes of section 2403(b), but that, nonetheless, the town is not an agent of the state for purposes of the same statute.

The district court accepted Maine's contention that a municipal ordinance is a state statute for purposes of section 2403(b), but held that a municipal corporation, such as the town of Jay, *is* an agency of the state for purposes of section 2403(b). 124 F.R.D. at 508-09. Accordingly, the court held that section 2403(b) did not entitle Maine to intervene as of right.

We agree with the district court's ultimate conclusion that section 2403(b) does not provide Maine with a right of intervention, but we follow a different path to that result. Instead of holding that Jay is an agent of Maine for purposes of section 2403(b), we rule that in challenging a municipal ordinance IP is not questioning the constitutionality of a *state statute*.

The phrase "statute of [the] State" precisely describes enactments of the state legislature but only embraces local ordinances if one adds to its strict meaning—a local ordinance, after all, is not normally referred to as a "statute," nor is it normally viewed as operating at the level of state governance. Although neither the legislative history nor the case law relative to section 2403(b) provides much guidance on the intended scope of the provision, there are numerous cases interpreting the term "State statute" in former 28 U.S.C. § 2281 (Repealed. Pub.L. No. 94-381, §§ 1, 2, Aug. 12, 1976). Section 2281, which was repealed by the same act that enacted section 2403(b), provided that an application in federal court for an injunction against enforcement of a "statute of a State" on grounds of unconstitutionality should not be granted unless the application was heard and determined by a three judge court. The Supreme Court has consistently held that section 2281 applies only to "state statute[s] of general and statewide application," and that "[t]he term 'statute' in § 2281 does not encompass local ordinances or resolutions." *Moody v. Flowers*, 387 U.S. 97, 101, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643 (1967) (citing cases). *See also Strasser v. Doorley*, 432 F.2d 567, 568 n. 1 (1st Cir.1970) (under section 2281, a "single-judge district court is not prevented ... from passing upon the constitutionality of a local ordinance, but only of a state statute").

A major reason given by the Court for excluding local ordinances from the scope of section 2281 was "that notice of the hearing must be given to the Attorney General—a precaution which would scarcely be deemed necessary in a suit of interest only to a single locality." *Ex Parte Collins*, 277 U.S. 565, 569, 48 S.Ct. 585, 586, 72 L.Ed. 990 (1928). Since section 2403(b) likewise requires the giving of special notice to the state Attorney General, the same reasoning can be said to apply here.

Maine argues that the proper reference point for determining the scope of "State statute" is not section 2281, but rather 28 U.S.C. § 2403(a). Section 2403(a), which predates section 2403(b), provides:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality....

28 U.S.C. § 2403(b). In support of its position, Maine relies on the Senate Report on section 2403(b), which states,

> The present section 2403 gives the United States the right to intervene in any action challenging the constitutionality of a Federal statute when the United States is not a party. The new subsection (b) provides for a similar right of intervention on the part of a State.

S.Rep. No. 204, 94th Cong.2d Sess., at 9 (1976), *reprinted in* 1976 U.S.Cong. & Ad. News 1988, 1997.

We agree that section 2403(b) should be construed consistently with section 2403(a). However, the cases interpreting "Act of Congress" under section 2403(a) do not support Maine's broad reading of the State statute provision in section 2403(b). On the contrary, they suggest the same interpretation as do the cases interpreting section 2281. For example, in *Keyes v. Madsen,* 179 F.2d 40 (D.C.Cir.1949), *cert. denied,* 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950), the court held that section 2403(a) does not apply to laws of the District of Columbia Code, which "apply only in the District of Columbia and concern only [matters of local interest]." 179 F.2d at 43. *See also Hamilton Nat'l Bank v. District of Columbia,* 176 F.2d 624, 630 n. 3 (D.C. Cir.) (section 2403(a) does not apply to local laws of the District of Columbia), *cert. denied,* 338 U.S. 891, 70 S.Ct. 241, 94 L.Ed. 547 (1949); *Robbins v. Lady Baltimore Foods, Inc.,* 678 F.Supp. 1323, 1329 n. 2 (N.D.Ill.1987) (section 2403(a) does not apply to provisions "enacted solely to satisfy parochial desires"), *reversed in part on other grounds,* 868 F.2d 258 (7th Cir.1989).

In sum, the relevant authority as well as the statutory language indicate that a local ordinance is not a statute of the state within section 2403(b), and we are not aware of any substantial support for Maine's broader interpretation. Accordingly, we hold that section 2403(b) does not apply to the Jay ordinance in question.[1]

## II. *Intervention as of Right Under Rule 24(a)(2)*

Maine contends, alternatively, that it is entitled to intervene as of right under Rule 24(a)(2). The Rule provides:

Upon timely application anyone shall be permitted to intervene in an action: ...

(2) when the applicant claims an interest relating to the property or transaction which is the subject matter of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). Thus, a party seeking intervention of right under Rule 24(a)(2) must demonstrate three things: 1) that it has a direct and substantial interest in the subject matter of the litigation; 2) that its ability to protect the interest may be impaired if it is not allowed to intervene; and 3) that its interest will not be adequately represented by an existing party. *See, e.g., Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985).

Maine contends that the disposition of this action could, as a practical matter, impair its ability to protect its interest in the proper interpretation of Maine's environmental enforcement statutes. Maine further contends that its interest will not be adequately represented by the existing parties. We note, however, that Maine and the town of Jay are in substantial agreement as to the proper outcome of this case. Both not only take the position that IP's claims are without merit, but, insofar as appears, have few if any material differences over reasoning. Maine claims, nonetheless, that its "concern with the state-wide application of the court's interpretation" will not be adequately protected by Jay's "more parochial interest in the validity of its own ordinance." In addition, Maine asserts that it disagrees with the town as to "whether a federal court should interpret the scope and effect of Maine's environmental laws."

IP, while not disputing the timeliness of Maine's petition to intervene, argues that

---

1. As a result, we need not determine whether section 2403(b) applies to a situation, such as this, in which the only arguably *constitutional* issue that the state seeks to address is an issue under the state constitution. *Cf. Swift & Co. v. Wickham,* 382 U.S. 111, 126 n. 25, 86 S.Ct. 258, 267 n. 25, 15 L.Ed.2d 194 (1965) ("The 'unconstitutionality' clause of § 2281 can hardly be thought to encompass the voiding of a state statute for inconsistency with the state constitution."). Nor need we determine whether the town of Jay is the state's agent in the lawsuit for purposes of section 2403(b).

Maine has not demonstrated a legal interest sufficient to justify intervention under Rule 24(a)(2). IP insists that Maine's general interest in the proper interpretation of its laws is not a "significantly protectable interest." IP further argues that even if Maine has demonstrated a protectable interest, it has not here demonstrated sufficient impairment. Finally, IP argues that even if these first two requirements are met, the town of Jay will adequately represent Maine's interests.

The district court held that Maine had failed to show that the resolution of this lawsuit will impair or impede Maine's ability to protect its interest in its environmental regulatory program. 124 F.R.D. at 509. The district court observed that since a federal court's interpretation of Maine's environmental laws will not be binding in the courts of Maine—the final interpretation of these is still left to the state judiciary—Maine's ability to protect its interest in the interpretation of these laws will not be threatened by the instant proceedings.

▇ A threshold question for us to determine is whether we review the district court's denial of Rule 24(a)(2) intervention on an abuse of discretion standard or as if coming before us de novo. It is settled that denials of *permissive* intervention under Rule 24(b) are reviewed only for abuse of discretion. *See Allen Calculators, Inc. v. National Cash Register Co.,* 322 U.S. 137, 142, 64 S.Ct. 905, 908, 88 L.Ed. 1188 (1944) (denial of permissive intervention under Rule 24(b) is an exercise of discretion and is not reviewable unless clear abuse is shown). *See generally United States v. Hooker Chemicals & Plastics,* 749 F.2d 968, 990 n. 19 (2d Cir.1984). Additionally, whether a party's motion for intervention as of right under Rule 24(a)(2) is timely is usually reviewed under an abuse of discretion standard. *See generally* 7C Wright, Miller, & Kane, *Federal Practice and Procedure* § 1916, at 422 (2d ed. 1986) (citing cases). However, the proper standard for reviewing a determination of Rule 24(a)'s substantive requirements is less clear.

This court has held that the question of whether "intervention can be granted when the only defendant in the case has not appeared" is a question of law subject to de novo review. *Flynn v. Hubbard,* 782 F.2d 1084, 1086 (1st Cir.1986). On the other hand, we have also held that the district court's denial of intervention of right under Rule 24(a)(2) for failure to make a timely motion will be reversed only for abuse of discretion. *See Chase Manhattan Bank v. Corporacion Hotelera de Puerto Rico,* 516 F.2d 1047, 1049 (1st Cir.1975). This circuit has yet to rule as to the review standard for more substantive matters under Rule 24(a)(2).

Arguably, determining whether a party is entitled to intervention as of right under Rule 24(a)(2) is simply a matter of applying the Rule's requirements, and, therefore, no discretion is involved. *See, e.g.,* 7C Wright & Miller, *supra,* § 1913, at 375–76 ("In theory ... there is no discretion when intervention is under Rule 24(a)."). The Ninth Circuit has taken the position that "the district court's decision [on a Rule 24(a)(2) motion] involves application of a rule of law to the established facts, and— the issue primarily involves consideration of legal concepts in the mix of fact and law." *United States v. Stringfellow,* 783 F.2d 821, 826 (9th Cir.), *cert. granted on other grounds,* 476 U.S. 1157, 106 S.Ct. 2273, 90 L.Ed.2d 717 (1986); *vacated on other grounds,* 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). Following this reasoning, the Ninth Circuit has held that denials of intervention of right under Rule 24(a)(2) are subject to de novo review. *Stringfellow,* 783 F.2d at 825–26; *California v. Tahoe Regional Planning,* 792 F.2d 779, 781 (9th Cir.1986). *See also Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir.1989) (adopting the Ninth Circuit's de novo standard of review in Rule 24(a) cases); *Walters v. Atlanta,* 803 F.2d 1135, 1151 n. 16 (11th Cir.1986) ("We review unsuccessful motions to intervene as of right under Rule 24(a) for error.").

However, although Rule 24(a)(2) seems to provide for three simple and distinct requirements, application of the Rule involves the pragmatic balancing of a range of factors that arise in varying factual situ-

ations. *Cf.* 7C Wright & Miller, *supra*, § 1908, at 301 ("in determining whether disposition of the action will impede or impair the applicant's ability to protect his interest the question must be put in practical terms rather than in legal terms"). As Judge Friendly has observed:

> The various components of the Rule are not bright lines, but ranges—not all 'interests' are of equal rank, not all impairments are of the same degree, representation by existing parties may be more or less adequate.... Application of the Rule requires that its components be read not discretely, but together.... Finally, although the Rule does not say so in terms, common sense demands that consideration also be given to matters that shape a particular action or particular type of action.

*United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984). Thus, in light of "the great variety of factual circumstances in which intervention motions must be decided, the necessity of having the 'feel of the case' in deciding these motions, and other considerations essential under a flexible reading of Rule 24(a)(2)," *id.* at 991, several courts have adopted an abuse of discretion standard for reviewing denials of intervention under Rule 24(a)(2). *See, e.g., Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir.), *cert. denied*, 484 U.S. 947, 108 S.Ct. 336, 98 L.Ed.2d 363 (1987); *Hooker*, 749 F.2d at 991; *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976).[2] We think this is the better approach in the present situation and we adopt it.

 It can be objected that this approach undermines the distinction between permissive intervention under Rule 24(b) and intervention as of right under Rule 24(a)(2). As Justice Brennan has observed, in distinguishing Rule 24(a) from Rule 24(b), "Rule 24(a) considerably restricts the court's discretion whether to allow intervention of

right by providing that [a party meeting the requirements of Rule 24(a)(1) or (2)] '*shall* be permitted to intervene.'" *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 382 n. 1, 107 S.Ct. 1177, 1180 n. 1, 94 L.Ed.2d 389 (1987) (Brennan, J., concurring in part and concurring in the judgment). However, that denials of permissive intervention under Rule 24(b) and denials of intervention of right under Rule 24(a)(2) are both reviewed only for abuse of discretion does not mean that the scope of review is identical. Since the "district court has *less* discretion to limit the participation of an intervenor of right than that of a permissive intervenor," *Stringfellow*, 480 U.S. at 382, 107 S.Ct. at 1181 (Brennan, J., concurring) (emphasis added), the abuse of discretion standard is "more stringent" as applied to denials of intervention of right than as applied to denials of permissive intervention. *See Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir.1987). We will, therefore, reverse a district court's denial of intervention if the court fails to apply the general standard provided by the text of Rule 24(a)(2), or if the court reaches a decision that so fails to comport with that standard as to indicate an abuse of discretion. *See Pernsley*, 820 F.2d at 597; *Hooker*, 749 F.2d at 992.

 Applying these principles in the present circumstances, we hold that the district court did not abuse its discretion in denying the petition for intervention under Rule 24(a)(2).

We recognize that under certain circumstances "the adverse impact of stare decisis standing alone may be sufficient to satisfy the [practical impairment] requirement." 3B J. Moore, Moore's Federal Practice ¶ 24.07[3], at 24–65 (2d ed. 1987). This is especially true where a court is deciding questions of first impression. Thus, in *Nuesse v. Camp*, 385 F.2d 694 (D.C.Cir. 1967), the court observed that

---

**2.** The District of Columbia Circuit has also suggested that a district court's decision whether to grant intervention under Rule 24(a)(2) is entitled to deference. *See Cook v. Boorstin*, 763 F.2d 1462, 1468 (D.C.Cir.1985) ("Despite the general understanding that '[a]n application for intervention of right seems to pose only a question of law,' we would ordinarily be inclined to give substantial weight to a trial court's findings with regard to whether intervention would comport with efficiency and due process.") (citation omitted).

we may expect that a decision by the [Federal] District Court here, the first judicial treatment of this question, would receive great weight, whether the question arose again in this jurisdiction or in the federal court in Wisconsin. Should this court on appeal render a decision in the [proposed intervenor's] absence, and contrary to his view, he would presumably be hampered in seeking to vindicate his approach in another court.

*Id.* at 702.

This reasoning, however, is less compelling when the district court is interpreting state law, rather than federal law. Because of the limited precedential weight that federal court interpretations of state law carry in a state court, several courts have held that where a federal court is interpreting state law, the stare decisis effect of its decision will not provide a sufficient practical impairment to justify intervention under Rule 24(a)(2). *See, e.g., Blake v. Pallan,* 554 F.2d 947, 954 (9th Cir.1977); *National Union Fire Insurance Co. v. Continental Illinois Corp.,* 113 F.R.D. 532, 536 (N.D.Ill.1986).

Moreover, as the *Blake* court observed, "the stare decisis problem is greatly lessened where there are parties already in the suit whose position on the issues is the same as the absent party's." *Blake,* 554 F.2d at 954. We might be less inclined to sustain the district court were this a case where a fundamental conflict existed between the town and the state over the proper construction of Maine's environmental laws. Maine, however, has not demonstrated any significant difference between its position concerning the interpretation of its laws and that of the Town, nor has it suggested that the Town is inadequately represented. Counsel for Jay may consult with, and be assisted by, the state and seems likely to adopt much the same legal position relative to Maine's environmental laws as would the state of Maine were it allowed to intervene. In this situation, it was not unreasonable for the district court to conclude that a refusal to let Maine intervene would not impair or impede Maine's ability to protect its interest in the interpretation of its environmental laws.

Accordingly, on the present facts, we find no abuse of discretion in the district court's denial of intervention as of right under Rule 24(a)(2).

## III. *Permissive Intervention Under Rule 24(b)*

Maine's final argument is that its motion to intervene should have been granted pursuant to Federal Rule 24(b). Rule 24(b) provides, in part:

> Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. *When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.* In exercising its discretion the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b) (emphasis added). Maine claims that since IP has relied on Maine statutes in challenging the Jay ordinance, the state (through the office of its Attorney General) is entitled to intervene pursuant to the second sentence of Rule 24(b)(2), which is emphasized above.

Maine did not present the district court with a jurisdictional basis for permissive intervention under Rule 24(b), and IP did not raise the issue of subject matter jurisdiction. However, the district court raised the issue itself and held that there was no independent jurisdictional basis for Maine's request for permissive intervention. 124 F.R.D. at 510. The court reasoned that there was no federal question jurisdiction over the controversy between IP and Maine, because Maine sought intervention only to address IP's state law claims. *Id.* at 510–11. In addition, the court ruled that

346

there was no diversity jurisdiction, since a state is not a "citizen" for purposes of diversity jurisdiction. *Id.* at 511. Accordingly, the court denied the request for permissive intervention.

On appeal Maine does not assert an independent basis for jurisdiction. Instead, it argues that the district court erred in requiring it to establish an independent jurisdictional basis for government intervention under Rule 24(b). We do not agree. Rather, we think that an independent jurisdictional basis is a prerequisite for government intervention under Rule 24(b)(2) and that the district court properly rejected Maine's request for permissive intervention.

◼ As a general rule, parties entitled to intervention as of right under Rule 24(a) fall within a federal court's ancillary jurisdiction; no independent basis of jurisdiction is, therefore, necessary. *See* 3B Moore, *supra,* ¶ 24.18[1], at 24–198–199; 7C Wright & Miller, *supra,* § 1917, at 472–75. The general rule is just the opposite, however, for permissive intervention. As this court has previously stated, "permissive intervention ordinarily must be supported by independent jurisdictional grounds." *Moosehead Sanitary District v. S.G. Phillips Corp.,* 610 F.2d 49, 52 n. 5 (1st Cir. 1979). *See also Blake v. Pallan,* 554 F.2d 947, 955–56 (9th Cir.1977). *See generally* 7C Wright & Miller, *supra,* § 1917, 464–469.

While apparently not contesting this general rule, Maine argues that the requirement of an independent jurisdictional basis should only apply where a party seeks to intervene to assert a claim or a defense under the first sentence of Rule 24(b)(2) or pursuant to a statute conferring a conditional right to intervene under Rule 24(b)(1). The requirement should not apply, Maine argues, where a "party to an action relies for ground of claim or defense upon [a statute administered by the government]," and the state government seeks to intervene simply to express its views concerning the state statute.

The section of Rule 24(b) relied on by Maine was added to the Rule by a 1946 amendment. The purpose of the amendment was to avoid "exclusionary constructions of the rule" that would unduly restrict government intervention. Fed.R. Civ.P. 24(b) Advisory Committee Note. *See also Nuesse v. Camp,* 385 F.2d 694, 705 (D.C.Cir.1967) ("the amendment in effect expands the concept of 'claim or defense' insofar as intervention by a governmental officer or agency is concerned.") (quoting 3B Moore, *supra,* ¶ 24.10[5], at 24–132). Maine argues that it would frustrate this purpose to require a proposed government intervenor to establish an independent basis of jurisdiction.

◼ While we concede, as Maine states in its brief, that "Rule 24(b) was amended to break down barriers to government intervention," it is equally clear that Rule 24(b) cannot break down *jurisdictional* barriers to intervention. *See* Fed.R.Civ.P. 82 ("These rules shall not be construed to extend the jurisdiction of the United States district courts...."); *see also Finley v. United States,* — U.S. —, 109 S.Ct. 2003, 2009 n. 6, 104 L.Ed.2d 593 (1989). Thus, in the absence of an independent basis for jurisdiction, the government can intervene only if its "claim or defense" falls within the district court's ancillary jurisdiction. Where the government's interest in a lawsuit is not sufficient to justify intervention under Rule 24(a), that interest is not so closely related to the initial claim as to fall within the district court's ancillary jurisdiction. *Cf. Warren G. Kleban Engineering Corp. v. Caldwell,* 490 F.2d 800, 802 (5th Cir.1974) (ancillary jurisdiction operates only when there is a tight nexus between the ancillary claim and a subject matter properly in federal court and cannot support the presence of permissive intervenors).

Maine's suggestion that a governmental body or officer seeking to intervene under the second sentence of Rule 24(b)(2) could rarely (if ever) establish an independent jurisdictional basis is unpersuasive. The state's argument seems to be that since it is seeking "simply to make its views known concerning a statute," rather than to assert a claim, it does not make sense to require it

to establish an independent ground for jurisdiction. This argument misconceives the role of an intervenor. If the government merely wants to make its views known, it can very often secure permission to file an amicus brief. By seeking intervention, the government seeks instead to make itself a party to the lawsuit, with all the rights of an original party. *See generally* 7C Wright & Miller, *supra,* § 1920, 488–490 ("the intervenor is treated as if he were an original party and has equal standing with the original parties"). Thus, although Maine does not seek to assert a claim in this action, it takes a position on the merits and it would act as a party defendant.[3]

■ Since a government intervenor under Rule 24(b) becomes a party to the action, either supporting claims or defending against claims, there is no reason to believe that requiring an independent jurisdictional basis erects an impenetrable barrier to government intervention under the second sentence of Rule 24(b)(2). When a state government seeks to intervene under this section of Rule 24(b) as a party defendant, independent jurisdiction would exist when the state seeks to defend the statute against a challenge based on federal law. Since Maine's motion to intervene was limited to state law issues, the district court properly found that it had no jurisdiction to allow Maine to enter as a permissive intervenor.

### Conclusion

We briefly summarize. First, Maine is not entitled to intervene under Rule 24(a)(1) and 28 U.S.C. § 2403(b), because the municipal ordinance challenged in this action is not a "statute of [the] State" within the meaning of 28 U.S.C. § 2403(b). Second, the district court did not abuse its discretion in denying Maine intervention of right under Rule 24(a)(2), as Maine did not show that its ability to protect its interest in the proper interpretation of its laws would be impaired by the ultimate resolution of this lawsuit. Finally, the district court properly

denied Maine's request for permissive intervention under Rule 24(b)(2) for lack of subject matter jurisdiction.

*AFFIRMED.* Costs to appellee, International Paper Co.

---

3. Indeed, Maine has already filed with the district court an answer to the complaint, an answer to the amended complaint, and an objection to the plaintiff's motion for judgment on the pleadings.