**RAITE RUBBISH REMOVAL CORPORATION,**
Plaintiff,

v.

**ONONDAGA COUNTY, Onondaga County Resource Recovery Agency, City of Syracuse, Town of Camillus, Town of Cicero, Town of Clay, Town of Dewitt, Town of Elbridge, Town of Fabius, Town of Geddis, Town of Lafayette, Town of Lysan-**

der, Town of Manlius, Town of Marcellus, Town of Onondaga, Town of Otisco, Town of Pompey, Town of Salina, Town of Spafford, Town of Tully, Town of VanBuren, Village of Baldwinsville, Village of Camillus, Village of East Syracuse, Village of Elbridge, Village of Fabius, Village of Fayetteville, Village of Jordan, Village of Liverpool, Village of Manlius, Village of Marcellus, Village of Minoa, Village of North Syracuse, Village of Solvay, Village of Tully, Defendants.

No. 94–CV–1630.

United States District Court,
N.D. New York.

May 25, 1995.

Butler, Allen, Clark & Place, Vestal, NY (Earl D. Butler, of counsel), for plaintiff.

Scolaro, Shulman, Cohen, Lawler & Burstein, P.C., Syracuse, NY (Alan S. Burstein, of counsel), for defendants, with the exception of the Town of VanBuren.

Davoli, McMann & Kublick, Syracuse, NY (David M. Stanton, of counsel), for defendant Town of VanBuren.

Dennis C. Vacco, Atty. Gen. of the State of N.Y., Dept. of Law, Albany, NY (John J. Sipos, Asst. Atty. Gen., of counsel), for movant State of N.Y.

## MEMORANDUM, DECISION AND ORDER

HURD, United States Magistrate Judge.

Plaintiff brought this action seeking declaratory and injunctive relief from legislation regulating the hauling and tipping of waste in Onondaga County, New York. Specifically, New York State Public Authority Law Title 13–B created the Onondaga County Resource Recovery Agency ("OCRRA"), a public benefit corporation, N.Y.Pub.Auth. Law §§ 2045 et seq. (McKinney's Supplement 1995), and granted it the power to contract with the county and the municipalities in order to require haulers to tip waste at specified facilities. N.Y.Pub.Auth.Law § 2045–t.

OCRRA in turn entered into contracts with the county, the City of Syracuse, and all towns and villages within the county (with the exception of the Town and Village of Skaneateles) which granted all local municipal solid waste authority and responsibility to OCRRA.

Plaintiff claims that through the actions of OCRRA and through promulgation of Title 13–B of the Public Authorities Law ("Title 13–B"), his federal constitutional rights under the Commerce Clause were violated.

The State of New York moved this Court for leave to intervene in this action, and based its argument upon several factors. First, the State argues that Fed.R.Civ.P. 24(a)(1) applies to give the State an absolute right to intervene, because under R. 24(a)(1)

anyone has a right to intervene when a United States statute grants such a right, and 28 U.S.C. § 2403(b) provides such a right, stating that when a state statute is called into question under the federal Constitution, the state has an absolute right to intervene. Second, the State argues that R. 24(a)(2) allows intervention to parties with an interest in the litigation, and finally, the State argues that R. 24(b) affords permissive intervention in certain circumstances that the Attorney General argues are present herein. All defendants have filed papers in support of the motion with the exception of the Town of VanBuren which has filed no paperwork in response. The plaintiff has filed opposition in the form of a Memorandum of Law and an affidavit with exhibits.

## DISCUSSION

### RULE 24(a)(1)

Fed.R.Civ.P. 24(a)(1) states in pertinent part: "Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the United States confers an unconditional right to intervene ..." Fed. R.Civ.P. 24(a)(1). The State argues that 28 U.S.C. § 2403(b) proffers just such an unconditional right. Section 2403(b) states in part:

"In any action, suit, or proceeding in a court of the United States to which a state or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that state affecting the public interest is drawn in question, the court shall ... permit the state to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality ..."

The second count of plaintiff's complaint alleges in part as follows: "31. That the provisions of Title 13–B of the New York State Public Authorities Law, ... violate the commerce clause of the Constitution of the United States (Article I, Section 8, Clause 3)."

Plaintiff, however, counters the contention that the State carries a right to intervention under Rule 24(a)(1) and 28 U.S.C. § 2403(b) by arguing that Title 13–B cannot be classified as a "statute of [the] state affecting the

public interest" according to Rule 24. Plaintiff references the First Circuit case by the name of *International Paper Company v. Town of Jay*, 887 F.2d 338 (1st Cir.1989), to argue that the phrase "statute of [the] state affecting the public interest" does not encompass all enactments of the state legislature. The court in *Town of Jay* was attempting to determine whether, under the same Rule 24(a) and federal statute 28 U.S.C. § 2403(b), a municipal ordinance should be classified as a "statute of [the] State." However, plaintiff misapprehends the holding of the First Circuit. The court actually stated, "The phrase 'statute of [the] State' precisely describes enactments of the state legislature but only embraces local ordinances if one adds to its strict meaning." *Id.*, 887 F.2d at 341.

Plaintiff burrowed further into the supporting opinion in *Town of Jay* to further its argument. The First Circuit also looked to a repealed federal statute for guidance as to the meaning of "state statute." Former 28 U.S.C. § 2281 required that an injunction against enforcement of a state statute on the grounds of unconstitutionality should not be granted before arguments were heard before a three judge panel. The severity of this statute led to consistently narrow interpretations of what constituted a state statute, the Supreme Court interpreting the phrase to mean only "state statute[s] of general and statewide application." *Moody v. Flowers*, 387 U.S. 97, 101, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643 (1967).

Plaintiff furthered its argument by explaining that while the First Circuit in *Town of Jay* only pointed to the Supreme Court's language in *Moody* to show that the term "state statute" would not encompass a local ordinance, the actual fact pattern of *Moody*—while dealing with the repealed § 2281 and not Rule 24(a) and § 2403(b)— spoke of the Suffolk County Charter, enacted into state law, that was of purely local concern, and therefore should not fall within the purview of the strictures of "state statute" as used by § 2281. This valiant attempt to tie the reasoning of these two cases to the situation at hand is tenuous at best.

Plaintiff clearly seeks to implicate Title 13–B as an unconstitutional infringement on the commerce clause. The statute is a state legislative enactment. The First Circuit's finding that a local ordinance cannot be classified as a state statute in no way affects the classification of Title 13–B as such. Furthermore, that the First Circuit looked to caselaw of the since repealed § 2281 for guidance as to whether the definition of the term "state statute" allowed it to reach beyond enactments of the state legislature to encompass local ordinances, in no way meant that the court sought to adopt the entire caselaw of § 2281. There is no indication that the First Circuit in *Town of Jay* concluded that § 2403(b) was subject to the limitation that the state statute be of general and statewide application. Such restriction was cited merely to show that § 2281 forwarded a very limited interpretation of "state statute."[1] The State has pointed out in its reply papers that from its inception, § 2281 had been narrowly interpreted to avoid convening the required three judge panels and allowing the automatic appeal to the Supreme Court.[2] The Ninth Circuit, in contrast, stated, "Rule 24(a) is construed broadly, in favor of the applicants for intervention." *Scotts Valley Band of Pomo Indians of the Sugar Bowl Rancheria v. United States,* 921 F.2d 924, 927 (9th Cir.1990).

The Second Circuit made short shrift of a similar question of the State's right to intervene when the constitutionality of New York Real Property Tax Law § 305, which allowed localities to use either partial or full assessment of properties, was addressed. Though the statute in effect enabled localities to undertake the act for which constitutionality was being questioned, and did not itself undertake the immediate legislative act responsible for the alleged harm, the court, without pause, stated, "The tax assessment scheme of section 305 is clearly a matter of 'public interest,'" and the Attorney General should have been notified of its right to intervene. *Merrill v. Town of Addison,* 763 F.2d 80, 82 (2d Cir.1985).

Title 13–B authorizes the County, City, Towns, Villages, and the Agency to enter into agreements with each other over the flow, disposal methods and disposal locations of waste. The County, City, Towns, Villages, and Agency in turn used that authority to enter into such contracts. Plaintiff brought this action to question the constitutionality of these restrictions and as was the case in *Merrill*—since the constitutionality of the state statute was implicated in the complaint; since the statute deals with a public concern; and since the statute is a state legislative enactment—the State has a right to intervene.

Add to this, that Title 13–B is not so clearly of a purely local concern as suggested by the plaintiff. While Title 13–B applies only to the County of Onondaga, there are at least six resource recovery agencies formed by similar legislation and contained in the

**1.** The exact language from *Jay* reads as follows: "The Supreme Court has consistently held that section 2281 applies only to 'state statute[s] of general and statewide application,' and that '[t]he term 'statute' in § 2281 does not encompass local ordinances or resolutions." *Jay,* 887 F.2d at 341 (quoting *Moody,* 387 U.S. at 101, 87 S.Ct. at 1548).

**2.** The Supreme Court explained:

"While Congress thus sought to assure more weight and greater deliberation by not leaving the fate of such litigation to a single judge, it was no less mindful that the requirement of three judges, of whom one must be a Justice of this Court or a circuit judge, entails a serious drain upon the federal judicial system particularly in regions where, despite modern facilities, distance still plays an important part in the effective administration of justice. And all but the few great metropolitan areas are such regions. Moreover, inasmuch as this procedure also brings direct review of a district court to this Court, any loose construction of the requirements of § 266 would defeat the purposes of Congress, as expressed by the Jurisdictional Act of February 13, 1925, to keep within narrow confines our appellate docket. The history of § 266 [amended as § 2281], the narrowness of its original scope, the piecemeal explicit amendments which were made to it, the close construction given the section in obedience to Congressional policy, *combine to reveal § [2281] not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such."* *Phillips v. United States,* 312 U.S. 246, 250–51, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941) (citations and parentheticals omitted).

New York State Public Authorities Law.[3] Finding one unconstitutional, while not directly affecting the others, would supply persuasive support. Furthermore, the subject of resource recovery cannot be viewed as a local concern. It is a statewide concern of ever-increasing significance affecting every corner of the state. Such a statewide concern will override any local limitations. *See Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89, 94, 55 S.Ct. 678, 680, 79 L.Ed. 1322 (1935) ("Where a statute embodies a policy of statewide concern, an officer, although ... acting within a limited territory, may be charged with the duty of enforcing the statute in the interest of the State and not simply in the interest of the locality where he serves.").

The State in its motion, spent substantial efforts attempting to reveal the existence of this statewide concern by reviewing the legislative history of New York's Environmental Conservation Law ("ECL"). Plaintiff has voiced objections that the State has sought intervention based upon the ECL by attempting to draw the ECL into the case through the use of their allegations against Title 13–B. The State has pointed to the ECL, however, for no other reason than. to show a statewide concern that regional resource recovery be promoted.

Based upon the above, the State of New York holds a right to intervene in this action. Because leave to intervene will be forthcoming as a consequence of R. 24(a)(1), this Court will not address the State's claim under either R. 24(a)(2) or R. 24(b).

Therefore, it is

·ORDERED that

1. The New York State motion for leave to intervene is **GRANTED.**

IT IS SO ORDERED.

---

**3.** These were enacted for the Town of Islip, Dutchess County, Broome County, Ulster County, Onondaga County, and the Town of Brookhaven.