# United States Court of Appeals
## For the First Circuit

No. 21-1618

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff, Appellee,

v.

LBRY, INC.,

Defendant,

LBRY FOUNDATION INC.,

Movant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lynch, Thompson, and Gelpí,
Circuit Judges.

Cory C. Kirchert, with whom Adriaen M. Morse, Jr., Simon R. Brown, Arnall Golden Gregory LLP, and Preti Flaherty Beliveau & Pachios, PLLC were on brief, for appellant.

Paul G. Alvarez, Senior Litigation Counsel, with whom Dan M. Berkovitz, General Counsel, Michael A. Conley, Solicitor, and Dominick V. Freda, Assistant General Counsel, were on brief, for appellee.

February 17, 2022

**LYNCH**, **Circuit Judge**.  The question presented in this appeal is whether the district court's denial of intervention as of right to LBRY Foundation Inc. ("Foundation") in a Securities and Exchange Commission ("SEC") civil enforcement action against defendant LBRY, Inc. (not Foundation) was an abuse of discretion. The SEC charges that LBRY failed to register as investment contracts under Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, an offering of digital assets called LBRY Credits ("LBC").

Foundation, whose assets consist of grants of LBC from defendant LBRY, moved to intervene.  It wishes to contest the SEC's enforcement action on what it asserts to be a different ground than LBRY has proposed.  Both the SEC and LBRY opposed Foundation's attempt to intervene.  On July 29, 2021, the district court denied the motion to intervene.

We affirm because there plainly was no abuse of discretion.

**I.**

**A.   Factual Background**

In July 2016, the defendant LBRY, a New Hampshire-based company, launched a blockchain-enabled network,[1] called the LBRY

---

[1]    A blockchain is an electronic distributed database "shared among the nodes of a computer network."  See A. Hayes, Blockchain Explained, Investopedia (updated Jan. 20, 2022), https://www.investopedia.com/terms/b/blockchain.asp/.

Protocol, to create a public and intermediary-free means of distributing and purchasing digital content. Any individual may publish digital content on the LBRY Protocol, and other users may browse the LBRY Protocol and purchase the published digital content using LBC, digital assets created by LBRY.

LBRY owned 400 million LBC in reserve at the network's launch. Since then, LBRY has offered and sold LBC to financially support its operations and to build its network. LBRY did not register its offers or sales of LBC and did not file a registration statement under the Securities Act.

In October 2019, LBRY created Foundation, a non-profit corporation which "works to promote the growth, development, and adoption of the LBRY Protocol in a bottom-up, community-driven fashion." LBRY granted Foundation five million LBC to fulfill its corporate and charitable objectives of promoting free speech, publishing, and education through the LBRY Protocol. Foundation in turn offers LBC in exchange for projects submitted by users that contribute content and applications to the LBRY Protocol. Foundation's only assets are LBC.

## B. Procedural History

LBRY answered the SEC's enforcement complaint, stating that it could not have violated Section 5 because LBC are not securities. LBRY challenges the SEC's assertion that LBC are

investment contracts[2] because "LBRY has never offered and sold LBC as an investment, and holders of LBC have no claim to the assets or profits of LBRY and have no ownership interest in LBRY."

In July 2021, Foundation filed a motion to intervene as of right and by permission. See Fed. R. Civ. P. 24(a)(2), (b)(1)(B). It argued that it wished to focus instead on challenging the SEC's definition of "enterprise" and "to challenge [the] SEC's programmatic claim that a network, such as the LBRY Protocol, can even be an 'enterprise' . . . under Howey and the Securities Act." Foundation argued that because LBC do not satisfy the enterprise element, they cannot be investment contracts. It argued that LBRY and Foundation have "materially different substantive defense strateg[ies]" and thus LBRY "cannot, and will not, adequately represent [] Foundation's interests."

The SEC and LBRY opposed the motion. Each raised doubts that Foundation has any protectable interest and argued that LBRY provides adequate representation. They invoked the presumption that LBRY adequately represents Foundation's interests and argued that pursuit of a different litigation strategy is insufficient to establish intervention as of right. On July 29, 2021, the district

---

[2] In SEC v. W.J. Howey, Co., the Supreme Court held that the test for an investment contract under the Securities Act is whether the scheme "involves [(1)] an investment of money [(2)] in a common enterprise [(3)] with profits to come solely from the efforts of others." 328 U.S. 293, 301 (1946).

court denied the motion to intervene "for the reasons set forth in the SEC's response."

Foundation timely appealed.

## II.

### A. Standard of Review

We review a district court's denial of a motion to intervene as of right for abuse of discretion.[3] See Victims Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 559 (1st Cir. 2021); Int'l Paper Co. v. Inhabitants of Town of Jay, 887 F.2d 338, 344 (1st Cir. 1989). Within the abuse-of-discretion standard, "abstract legal rulings are scrutinized de novo, factual findings are assayed for clear error, and the degree of deference afforded to issues of law application waxes or wanes depending on the particular circumstances." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 38 (1st Cir. 2020).

### B. Intervention as of Right

Under Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who":

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[3] In its opening brief, Foundation does not contest the district court's denial of its request for permissive intervention.

To prevail on a motion to intervene as of right, a proposed intervenor must demonstrate: "(1) the timeliness of [its] motion; (2) a concrete interest in the pending action; (3) 'a realistic threat' that resolution of the pending action will hinder [its] ability to effectuate that interest; and (4) the absence of adequate representation by any existing party." T-Mobile, 969 F.3d at 39 (quoting R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009)). A failure to satisfy any one of these four requirements is sufficient grounds to deny a request for intervention as of right.[4] See Victim Rts. L. Ctr., 988 F.3d at 560-61; T-Mobile, 969 F.3d at 39.

When a proposed "intervenor's objective aligns seamlessly with that of an existing party . . . a rebuttable presumption of adequate representation attaches." T-Mobile, 969 F.3d at 39 (citing Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 807 F.3d 472, 475 (1st Cir. 2015)). Where the presumption of adequate representation applies, "the applicants' burden is a heavy one, since adequacy is primarily a

---

[4] Because we affirm solely on the ground that LBRY adequately represents whatever interests Foundation may have in the underlying civil enforcement action, we do not reach the question of whether Foundation has shown that it has a "concrete interest" sufficient to warrant intervention under Rule 24(a). See Victim Rts. L. Ctr., 988 F.3d at 560-61, 561 n.5. We also do not address the SEC's argument that intervention would violate separation-of-powers principles as it chose not to bring the enforcement action against Foundation.

fact-sensitive judgment call and the standard of review is deferential." Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 111-12 (1st Cir. 1999). Here, the presumption of adequacy applies. Indeed, Foundation concedes that it "shares LBRY's litigation objective -- to defeat the SEC's claim -- and attacks the same and only contestable element of the SEC's claim": that LBC are not securities.

Foundation attempts to overcome this presumption by arguing that LBRY's and Foundation's "arguments and approaches are different" and pointing to the "historic failure of LBRY's approach in prior SEC enforcement actions." According to Foundation, LBRY implicitly accepts the SEC's definition of "enterprise." Foundation focuses on its desire to present a challenge to the SEC's definition of "enterprise" as inconsistent with the Supreme Court's decision in SEC v. W.J. Howey, Co., 328 U.S. 293 (1946), and the Securities Act. LBRY states that this is merely a variation of the argument it intends to present when there is full briefing in the district court on the matter.

A proposed intervenor's desire to present an additional argument or a variation on an argument does not establish inadequate representation.[5] See Daggett, 172 F.3d at 112; see also

---

[5] In some cases, "a refusal to present obvious arguments could be so extreme as to justify a finding that representation by the existing party was inadequate." Daggett, 172 F.3d at 112. That is not the case here. Foundation has not demonstrated that

<u>Victim Rts. L. Ctr.</u>, 988 F.3d at 561-62 (collecting cases rejecting proposed intervenors' argument of inadequate representation for failure to make additional arguments); <u>T-Mobile</u>, 969 F.3d at 39-40. Nor does a difference in litigation tactics support a finding of inadequate representation. See <u>Butler, Fitzgerald & Potter</u> v. <u>Sequa Corp.</u>, 250 F.3d 171, 181 (2d Cir. 2001) ("If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning."); <u>see also</u> C.A. Wright & A.R. Miller, <u>Federal Practice and Procedure</u> § 1909 (3d ed., Apr. 2021 update) ("A mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit."). Indeed, in the increasingly frequent SEC digital asset enforcement cases, courts have denied motions to intervene from non-parties that intended to assert alternative legal arguments. See, e.g., <u>SEC</u> v. <u>Ripple Labs, Inc.</u>, No. 20 Civ. 10832, 2021 WL 4555352, at *5-6 (S.D.N.Y. Oct. 4, 2021)

---

LBRY refuses or is incapable of raising Foundation's favored argument. LBRY's answer argued that it could not have violated Section 5 because LBC are not investment contracts, and thus not securities. The answer properly raises the legal argument Foundation wishes to present and leaves open the option for LBRY to raise Foundation's "enterprise" definition argument.

(denying intervention motion but permitting intervenors to proceed as amici).[6]

## III.

Affirmed.

---

[6]    At the district court, Foundation argued that LBRY cannot adequately represent Foundation's interests because LBRY may seek settlement.  Foundation has waived this argument on appeal.  See Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 239-40 (1st Cir. 2013) ("We have repeatedly held, 'with a regularity bordering on the monotonous,' that arguments not raised in an opening brief are waived." (quoting Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 299 (1st Cir. 2000))).

We reject a claim of inadequate representation based on the possibility of settlement where "appellants' conjectures are tendered without either specificity or record support." T-Mobile, 969 F.3d at 40.  Here, Foundation has provided no evidence or support for the proposition that LBRY would seek settlement.