**UNITED STATES of America f/b/o Doten's Construction, Inc., Plaintiff,**

v.

**JMG EXCAVATING & CONSTRUCTION CO., INC., et al., Defendants.**

No. 03–134–P–S.

United States District Court, D. Maine.

April 14, 2004.

Neal F. Pratt, Verrill & Dana, Portland, ME, for Plaintiff.

Charles D. Mandracchia, Mandracchia & Modesti, LLC, Skippack, PA, Louis B. Butterfield, Portland, ME, Christopher A.D. Hunt, Cetrulo & Capone, Boston, MA, Bradford R. Carver, Cetrulo & Capone, Eric H. Loeffler, Cetrulo & Capone, Boston, MA, for Defendants.

### MEMORANDUM DECISION ON MOTION TO INTERVENE

DAVID M. COHEN, United States Magistrate Judge.

United Rentals (North America), Inc. ("United"), seeks leave to intervene in this action under Fed.R.Civ.P. 24(b) to assert a claim against two of the four defendants, JMG Excavating & Construction Co., Inc. and Greenwich Insurance Company. Motion of United Rentals (North America), Inc. to Intervene, etc. ("Motion") (Docket No. 42) at [2]. Only defendant Greenwich opposes the motion. Greenwich Insurance Company's Opposition to United Rentals (North America), Inc.'s Motion to Intervene ("Opposition") (Docket No. 48).

The portion of Rule 24(b) invoked by United provides permissive intervention "[u]pon timely application ... when an applicant's claim ... and the main action have a question of law or fact in common." Greenwich asserts that United's claim against it is time-

barred and that United has failed to demonstrate an independent jurisdictional basis for its claims against Greenwich and JMG. Opposition at 1. Because the second ground addresses this court's subject-matter jurisdiction over all of United's claims, I will address it first.

■ "It is well settled that permissive intervention ordinarily must be supported by independent jurisdictional grounds." *International Paper Co. v. Inhabitants of Town of Jay*, 124 F.R.D. 506, 510 (D.Me.1989). *See also Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 52 n. 5 (1st Cir.1979). Greenwich asserts that United's proposed claims do not involve a federal question and fail to meet the jurisdictional threshold of 28 U.S.C. § 1332 (a claim valued at more than $75,000). Opposition at 6–7. United responds that its claim against Greenwich "is equally applicable against [defendant] Fireman's Fund Insurance Company ... and should be included in the Claim of Intervenor attached to URI's Motion to Intervene." Reply of United Rentals (North America), Inc. to Greenwich Insurance Company's Opposition to Motion to Intervene (Docket No. 51) at 2–3. United adds that its claims "are included in JMG's Amended Cross–Claim and are brought pursuant to the Miller Act, 28 U.S.C. Sec. 3133, *et seq.*[1] as stated in the Motion to Intervene." *Id.* at 3. United thus apparently contends that its claims do involve a federal question.[2]

First, United's proposed claim does not assert any claim against Fireman's Fund Insurance Company. Claim of Intervenor, United Rentals (North America), Inc. (attached to Motion). This court cannot premise subject-matter jurisdiction on allegations that "should be included" in a pleading but are not.

■ Next, a review of JMG's amended cross-claim, and specifically the count alleging a claim under the Miller Act, does not demonstrate that United's claims against JMG and Greenwich are included. There is no reference to United in the cross-claim. Amended Answer and CrossClaims of Defendant JMG Excavating & Construction Co., Inc. to Plaintiff's First Amended Complaint (Docket No. 24) at 8–9. Again, this court ordinarily cannot premise subject-matter jurisdiction on allegations that are not apparent on the face of the pleading in question or necessarily implied by the language of the pleading. United appears to admit that the bond under which it seeks to recover against Greenwich is a common law bond. Reply at 2, 3 (asserting that United is "free to proceed against JMG and Greenwich and other parties in state court"). The Miller Act provides for a civil action by those who have furnished labor or materials for work covered in a contract in which a payment bond was furnished under the Act. 40 U.S.C. § 3133(b). United's proposed claim cannot reasonably be read to allege that the bond on which it seeks to recover against Greenwich was furnished under the Miller Act. Accordingly, United has failed to establish the existence of federal-question jurisdiction for its claim. In the absence of any contention that any other source of jurisdiction applies, the motion to intervene in order to assert a claim against Greenwich must be denied.

■ Greenwich also asserts that the court lacks jurisdiction over United's proposed claim against JMG, which has not objected to the motion to intervene. If this court lacks subject-matter jurisdiction over United's claims, such jurisdiction may not be conferred by EMG's failure to object to the motion to intervene. *Weaver v. Hollywood Casino–Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir.2001). United has not proffered any basis for subject matter jurisdiction over its claims against JMG that differs from the bases it offers for its claims against Greenwich.

1. United repeatedly refers to the federal statute at issue here as the Miller Act, citing 40 U.S.C. § 3133. Motion at [3]; Reply at 3. No statute so numbered exists. The Miller Act is found at 40 U.S.C. §§ 3131–33.

2. United's additional assertion, that it "will clarify this issue in a separate, simple Complaint, if necessary" after it is granted leave to intervene, Reply at 3, adds nothing to its argument. The time to establish this court's subject-matter jurisdiction is now, not after its motion to intervene is granted.

On the showing made, this court lacks subject-matter jurisdiction over the claims asserted in United's proposed intervenor claim and its motion to intervene is therefore **DENIED.**